7 F.3d 234
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Melvin MYRICK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5394.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1993.
 
 Before: KENNEDY and NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Melvin Myrick, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to Fed.R.Crim.P. 11, Myrick pleaded guilty to kidnapping for ransom. He was sentenced to life imprisonment to run consecutively with the state sentence that he is serving. Myrick did not appeal the trial court's decision.
 
 
 3
 Next, Myrick filed this motion to vacate sentence, arguing that his plea was invalid because: 1) the trial judge participated in the plea negotiations; 2) there was no factual basis for the trial judge to accept his plea; and 3) the trial judge did not ascertain whether his plea was coerced or if he understood the nature of the charges against him. Following a review of the government's response, the district court denied the motion as without merit. Myrick has filed a timely notice of appeal, as well as a motion for the appointment of counsel.
 
 
 4
 Upon review, we affirm the district court's judgment because Myrick has not shown any defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 The record clearly establishes that Myrick's guilty plea was knowing and voluntary. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). The trial judge did not improperly participate in the plea negotiations. See United States v. Barrett, 982 F.2d 193, 195 (6th Cir.1992). Moreover, the trial judge properly determined that there was a factual basis for accepting Myrick's guilty plea, see Garcia v. Johnson, 991 F.2d 324, 326 (6th Cir.1993), and that he understood the nature of the charges against him. See United States v. Van Buren, 804 F.2d 888, 891-92 (6th Cir.1986) (per curiam).
 
 
 6
 Accordingly, we deny the appointment of counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.