7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen RODGERS, Petitioner-Appellant,
v.
Robert LECUREUX, Respondent-Appellee.
 No. 92-2075.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1993.
 
 Before: KENNEDY and RYAN, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Allen Rodgers, a pro se Michigan prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Appellee has informed the court that he will not be filing a brief.
 
 
 2
 In 1979, a jury convicted Rodgers of first degree murder for which he received a life sentence. After exhausting his available state court remedies, Rodgers filed a petition for habeas relief with the United States District Court for the Eastern District of Michigan. The district court denied the petition and this court affirmed. Rogers v. Foltz, Nos. 86-1609/1610, 829 F.2d 39, 40, 1987 U.S.App. LEXIS 12516, at * 2 (6th Cir. Sept. 18, 1987).
 
 
 3
 Rodgers then filed a second petition for a writ of habeas corpus raising multiple grounds for relief. Upon de novo review of a magistrate judge's report, the district court dismissed the petition as abusive. Rodgers then filed two motions for rehearings which the district court construed as being filed under Fed.R.Civ.P. 60. The district court subsequently denied Rodgers's motions.
 
 
 4
 In his timely appeal, Rodgers continues to argue the merits of his petition. He requests oral argument.
 
 
 5
 Initially, we note that the district court erroneously construed Rodgers's motions for rehearings under Fed.R.Civ.P. 60. The district court entered an order dismissing the petition on June 22, 1992. Rodgers then filed a motion for rehearing on July 1, 1992, and a second identical motion on July 9, 1992. Because the first motion was served within ten days of the district court's order, the motion should have been construed under Fed.R.Civ.P. 59(e). See Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 n. 3 (5th Cir.1991) (per curiam); McMahon v. Libbey-Owens-Ford Co., 870 F.2d 1073, 1078 n. 1 (6th Cir.1989) (per curiam). As such, the motion tolled the appeal period. Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir.1990).
 
 
 6
 Upon review, we conclude that the district court properly dismissed Rodgers's second petition as abusive. See McCleskey v. Zant, 111 S.Ct. 1454, 1467-68 (1991). Rodgers has not shown cause and prejudice to overcome the abuse. Id. at 1470-71. Furthermore, there has been no showing of factual innocence. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986).
 
 
 7
 Accordingly, we deny the request for oral argument and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.