7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jo An MORRIS, Plaintiff-Appellant,
v.
Donald GRAVEN, Former Sheriff; Judy Ceesiak; Ken Marshall,
Deputy; Deputy Robinson; M. Dorgan, Nurse; Dr. Hunt;
Judy Holman, Nurse; Chris Bigeleau; Captain Lisk; Marsha
Dorgan; Bronson Hospital; Dr. Hopkins; Dr. H. Russo;
Hon. Douglas W. Hillman; Nurse N. Worden; Daniel Finch;
Michael Vorick; J.R. Johnson, Attorney; Hon. D. James;
Borgess Hospital--(Sisters of St. Joseph); Michael E.
Kobza; Jeff Vanderstelt, Law Clerk; 9-1 District Court;
Robert C. Marshall; Auto Club Insurance Association; Legal
Copy Services, Inc.; Tim Stack; County of Kalamazoo,
Defendants-Appellees.
 No. 93-1261.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1993.
 
 W.D.Mich., No. 92-00786, Enslen, J.
 
 
 1
 W.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: KENNEDY and BATCHELDER, Circuit Judges, and WILHOIT, District Judge.*
 
 ORDER
 
 4
 Jo An Morris, a pro se litigant, appeals from a judgment of the district court dismissing as frivolous, pursuant to 28 U.S.C. § 1915(d), her civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Seeking monetary relief and a declaratory judgment, Morris brought suit alleging that the defendants are engaged in a conspiracy to deny her her civil rights. According to Morris, this conspiracy stems from her opposition to the appointment of her former attorney, Honorable Douglas Hillman, to the federal court. As a result of her opposition to Judge Hillman's appointment, Morris alleged that the defendants entered into a conspiracy "to bring about [her] death, serious injury, and/or commitment to a mental institution for the criminally and/or civilly insane, using her religious writings as the basis to test her sanity, to discredit her, and silence her, so no person would take her charges [against Douglas Hillman] seriously[.]"
 
 
 6
 Pursuant to § 1915(d), a complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Section 1915(d) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. A dismissal of a complaint pursuant to § 1915(d) is reviewed for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Upon review, we are satisfied that the district court did not abuse its discretion when it dismissed Morris's complaint as frivolous.
 
 
 7
 Concerning the claims within counts three, four, and five of Morris's complaint (count one refers to jurisdiction, and count two contains general allegations), we are satisfied that they are barred by the three year statute of limitations. See Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.) (per curiam), cert. denied, 479 U.S. 923 (1986). As to count six, we are satisfied that the actions complained of were not taken under color of state law and therefore are not actionable. See Cassady v. Tackett, 938 F.2d 693, 695 (6th Cir.1991). As to count seven, we agree with the district court that a portion of that count described a fantastic or delusional scenario. See Neitzke, 490 U.S. at 328. As to the remainder of the count, we are satisfied that defendant Judge Kobza's alleged actions, before becoming a judge, are not actionable as he was not acting under color of state law, see Cassady, 938 F.2d at 695, and that he is immune from liability concerning the alleged actions after becoming a judge. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). As to Judge Kobza's law clerk, we are satisfied that the plaintiff's allegations, even if true, create no § 1983 liability as no constitutional right would be implicated. Cf. Paul v. Davis, 424 U.S. 693, 712 (1976) (reputation is not a liberty or property interest sufficient to invoke the Due Process Clause of the Fourteenth Amendment.) As to count eight, because Morris's claims are frivolous, there is no call to pass upon the constitutionality of any Michigan statute. Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Michigan, sitting by designation