7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ian McKNIGHT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3875.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1993.
 
 N.D.Ohio, No. 92-00289; Manos, Judge.
 N.D.Ohio
 AFFIRMED.
 Before: MILBURN and GUY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Ian McKnight, a pro se federal prisoner, appeals a district court order denying his motion to vacate, correct, or set aside his sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On August 10, 1990, McKnight pleaded guilty to possession with intent to distribute more than five grams of cocaine base and using a firearm during the commission of a drug trafficking offense. He was sentenced to 63 months imprisonment on the drug count, 60 months (consecutive) on the firearm count, and four years supervised release. He did not file a direct appeal.
 
 
 3
 In his motion to vacate, McKnight raised two grounds for relief: (1) his trial counsel was ineffective due to lack of knowledge of the federal sentencing guidelines, and (2) his sentence was illegally imposed. The district court denied the motion in a memorandum opinion filed on July 21, 1992, and an accompanying order filed on July 30, 1992.
 
 
 4
 On appeal, McKnight argues that his guilty plea was unknowing and involuntary because he did not know the consequences of his plea, that his trial counsel was ineffective, and that the seizure of his forfeited monies was not included in the court's judgment and so was illegal. In addition, he asks this court to remand his case for resentencing without reference to his prior conviction, and to vacate his firearm conviction due to insufficient evidence. McKnight has also filed motions for in forma pauperis status and for the appointment of counsel.
 
 
 5
 Upon review, we affirm the district court's order because McKnight has not established a fundamental defect in his proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 McKnight did not present his issues relating to the validity of his guilty plea, the forfeiture of his money, or his firearm conviction to the district court. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). No exceptional circumstances are present in this case.
 
 
 7
 It is noted, however, that the district court did sua sponte reexamine the circumstances surrounding McKnight's guilty plea and determined that it was voluntarily, knowingly, and intelligently given. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). We have reviewed the transcript of McKnight's plea proceeding and agree that the hearing was constitutionally sufficient.
 
 
 8
 McKnight's ineffective assistance of counsel claim is meritless because he has not shown that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's alleged errors, he would have not pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984). This issue is properly raised in a motion to vacate under § 2255 rather than on direct appeal. See United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (per curiam).
 
 
 9
 The only supporting bases offered by McKnight to establish ineffective assistance are counsel's alleged unfamiliarity with the sentencing guidelines and his "inability to recognize the impact of the plea agreement which require[s] count one to be at the lower end of the guideline [range]." There is no support in the record for these assertions. "[T]he proper standard for attorney performance is reasonably effective assistance." Strickland, 466 U.S. at 687. McKnight's counsel met this standard by securing for his client a two-level reduction for acceptance of responsibility and a sentence at the lower end of the guideline range. From this, it is apparent that counsel was at least reasonably familiar with the operation of the guidelines. McKnight has not established deficient performance and so fails the first prong of the Strickland test. Moreover, McKnight does not allege that, were it not for these alleged deficiencies on counsel's part, he would have not pleaded guilty but would have insisted on proceeding to trial. Thus, he does not satisfy the prejudice prong of the test. See Hill, 474 U.S. at 59.
 
 
 10
 Finally, McKnight's conclusory claim of an illegally imposed sentence does not warrant relief. McKnight did not raise this issue on direct appeal and, in fact, did not appeal his conviction and sentence at all. The Supreme Court has set a stricter standard of review for alleged errors raised only in a motion to vacate; an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. See United States v. Frady, 456 U.S. 152, 165 (1982). In order to even have the issue considered on the merits, the movant must show cause for his failure to bring the direct appeal and actual prejudice. Id. at 167-68. The actual prejudice must result from a constitutional violation. See Wainwright v. Sykes, 433 U.S. 72, 84 (1977). In addition, this court has ruled that the failure to raise an issue at an earlier opportunity constitutes a waiver. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984).
 
 
 11
 McKnight does not attempt to show cause for failing to raise this or any of his other issues in a direct appeal. Furthermore, he cannot show actual prejudice. McKnight is precluded from appealing his sentence because it is within the applicable guideline range, is not in violation of law, and is not the result of an incorrect application of the guidelines. See 18 U.S.C. § 3742; United States v. Sawyers, 902 F.2d 1217, 1221 n. 5 (6th Cir.1990), cert. denied, 111 S.Ct. 2895 (1991). In his brief on appeal, McKnight argues that the district court should not have used his prior conviction when calculating his criminal history category because the government did not file an information, pursuant to 21 U.S.C. § 851, of its intent to use that conviction to enhance his sentence. Contrary to McKnight's belief, however, he is not entitled to relief on this basis because § 851 applies only in cases where sentence enhancement is imposed pursuant to 21 U.S.C. § 841(b)(1). See United States v. Meyers, 952 F.2d 914, 918 (6th Cir.), cert. denied, 112 S.Ct. 1695 (1992).
 
 
 12
 Accordingly, the motion for in forma pauperis status is granted for the purpose of this review only. The motion for counsel is denied and the district court's order, entered on August 3, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.