7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey Scott PASSON, Plaintiff-Appellant,
v.
F.D. LOCKHART; R. Sweitzer, Lt.; Greg Dehart; B. Brand;
Mark Stephenson, Defendants-Appellees.
 No. 93-3162.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1993.
 
 S.D.Ohio, No. 92-00410; Merz, Judge.
 
 S.D.Ohio
 
 1
 AFFIRMED.
 
 
 2
 Before: KENNEDY and BATCHELDER, Circuit Judges, and WILHOIT, District Judge.*
 
 OPINION
 
 3
 Plaintiff, Jeffrey Scott Passon, appeals the summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 The undisputed facts are accurately set forth in the magistrate judge's decision and order granting defendants' motions for summary judgment and will not be repeated herein. Suffice it to say that plaintiff brought this action against members of the Miami County, Ohio, Sheriff's Department, and certain members of the City of Troy, Ohio, Police Department, alleging that the defendants deprived him of his Fourth Amendment rights in the execution of a search warrant at his residence on January 29, 1990. Specifically, plaintiff alleged that the search warrant was void on its face because it failed to comply with the mandates of Illinois v. Gates, 462 U.S. 213 (1983), and because it authorized the seizure of bodily fluids prior to an arrest or indictment. He also alleged that the defendants used unreasonable force in gaining entry to execute the warrant by kicking the door causing it to hit plaintiff in his forehead and by pointing a double barrel shotgun directly in plaintiff's face. Plaintiff sought declaratory and monetary relief. The defendants filed motions for summary judgment, arguing that they are protected by qualified immunity and plaintiff responded.
 
 
 5
 With the consent of all parties, the district court referred the matter to a magistrate judge for "all further proceedings herein, including trial, the entry of judgment, and all post-trial proceedings," pursuant to 28 U.S.C. § 636(c). The magistrate judge concluded that the search and seizure was made pursuant to a facially valid warrant, and that defendants were entitled to qualified immunity. He also held that the use of the weapon by the executing police officer while the premises were being secured was both prudent and constitutional. As to the injury to plaintiff's head, the magistrate judge concluded that there was no evidence from which a reasonable jury could conclude that the door was kicked open into plaintiff intentionally. Finally, the magistrate judge held that the defendants were entitled to qualified immunity with respect to the pre-indictment search and seizure warrant for the urine specimen.
 
 
 6
 Initially, we note that a magistrate judge's judgment under a referral pursuant to 28 U.S.C. § 636(c) is directly appealable to this court. 28 U.S.C. § 636(c)(3).
 
 
 7
 Upon review, we affirm the grant of summary judgment in favor of the defendants because there was no genuine issue as to any material fact and the defendants were entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 8
 The issue of qualified immunity is a question of law for the district court; thus, on appeal it is reviewed under a de novo standard. Yates v. City of Cleveland, 941 F.2d 444, 446 (6th Cir.1991). Qualified immunity is an affirmative defense that shields governmental officials from personal liability unless their actions violate "clearly established statutory or constitutional rights which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The immunity protects the official only from damages and not injunctive or declaratory relief. See, e.g., Supreme Court of Virginia v. Consumers Union of United States, Inc., 446 U.S. 719, 734-37 (1980).
 
 
 9
 Given that the defendants had a number of recent controlled drug buys at plaintiff's apartment and saw a significant amount of traffic in an out of the apartment just before executing the search warrant, a reasonable officer could conclude that the decision to issue the search warrant was supported by probable cause. See Malley v. Briggs, 475 U.S. 335, 344-45 (1986). Thus, to the extent plaintiff sought damages against the defendants, the defendants were entitled to qualified immunity.
 
 
 10
 To the extent plaintiff sought declaratory relief, his claims lack merit. Police officers conducting a search warrant on the basis of a judicially approved warrant are entitled to rely to some extent on the warrant process to cure errors. See Hill v. McIntyre, 884 F.2d 271, 277 (6th Cir.1989).
 
 
 11
 At the time of the search in the instant case, plaintiff had a clearly established constitutional right to be free from the use of excessive force in the execution of a search warrant. See Tennessee v. Garner, 471 U.S. 1, 7-8 (1985). Whether the force used by the defendants to execute the search warrant was excessive, and thus violative of "clearly established law," turns upon whether their actions were objectively reasonable under the circumstances. Graham v. Connor, 490 U.S. 386, 395-97 (1989). Ordinarily, in cases involving claims of excessive force, courts determine reasonableness by considering the severity of the crime involved, the threat to the safety of the officers posed by the suspect, and any resistance to arrest. Id.
 
 
 12
 Title 18 U.S.C. § 3109, which deals with an entry to execute a search warrant and its Ohio statutory counterpart, Ohio Rev.Code § 2935.12, have codified a common law rule of announcement. This rule proscribes an unannounced intrusion into a dwelling, whether the officers force open a chain lock on a partially opened door, open a locked door by use of a pass key, open a closed but unlocked door or, as here, break down a door. Sabbath v. United States, 391 U.S. 585, 590 (1968). Exceptions to the "knock and announce" requirement have been developed. See Ker v. California, 374 U.S. 23, 47 (1963) (Brennan, J., dissenting).
 
 
 13
 The parties dispute virtually all the essential facts surrounding the execution of the search warrant, particularly whether the defendants complied with the "knock and announce" requirement. But even if the defendants did violate the "knock and announce" requirement, it is undisputed that exigent circumstances, as previously stated, existed which permitted the defendants to disregard that requirement. Under such exigent circumstances, forcible entry, objectively assessed, was reasonable, and the defendants were entitled to qualified immunity.
 
 
 14
 As to the injury to plaintiff's head, there was no evidence from which a reasonable jury could conclude that the door was kicked open into plaintiff intentionally. At most, the officer was negligent in kicking the door too soon. Negligent infliction of injury is not actionable under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 333-36 (1986).
 
 
 15
 Finally, plaintiff's claim that defendants were not entitled to obtain a urine sample since plaintiff had not been indicted lacks merit. It is well-established, at least with respect to free persons, that the bodily intrusion resulting from the taking of bodily fluids constitutes a search within the scope of the Fourth Amendment. See Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602, 617 (1989). To be deemed reasonable, a search generally must be supported by a warrant issued upon probable cause. National Treasury Employees Union v. Von Raab, 489 U.S. 656, 665 (1989). The search warrant authorized officers to obtain a urine sample. Under the circumstances of this case, it was reasonable for defendants to conclude that the search and seizure was supported by probable cause and therefore lawful.
 
 
 16
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation