7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin J. REID, Plaintiff-Appellant,
v.
The CITY OF FLINT; Flint Firefighters IAFF Union, Local
352, Defendants-Appellees.
 No. 93-1371.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1993.
 
 E.D.Mich., No. 92-40503; Newblatt, Judge.
 E.D.Mich.
 AFFIRMED.
 Before: KENNEDY, SILER and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Kevin J. Reid, pro se, appeals a district court grant of summary judgment to the defendants. Reid filed this claim pursuant to 42 U.S.C. §§ 1983 and 1985 and under Mich.Comp.Laws § 600.5807. The defendants include the City of Flint, Michigan, and the union representing the City of Flint firefighters. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The City of Flint fired Reid from his job on June 2, 1987. At that time, the firefighters' union declined to represent Reid in any action to challenge the firing. Reid filed a complaint with the Civil Service Commission, which upheld the discharge. Reid unsuccessfully sought judicial review of that decision all the way to the United States Supreme Court. On October 26, 1992, Reid filed his complaint in the district court.
 
 
 3
 The defendants filed two separate motions to dismiss, both raising the statute of limitations as a defense to the action. The district court determined that the defendants' motions were based on valid statute of limitations grounds and granted the motions by order dated January 19, 1993. On appeal, Reid argues that the district court erred by failing to consider the merits of his complaint. Reid makes the following additional arguments: 1) he was required to exhaust his administrative remedies before seeking judicial review which, in turn, caused his delay in filing his suit in district court, so that the statute of limitations should not bar his complaint; 2) the exhaustion requirement also caused his delay in filing a complaint against the union, so that it would also be inequitable to deny this complaint as untimely, and the statute of limitations in this respect should also be tolled; and 3) he possesses a constitutionally protected property interest in his employment, so that he is entitled to specific performance of the CBA between the firefighters union and the city.
 
 
 4
 The district court dismissed Reid's claims as having been filed outside the applicable statute of limitations. This is a matter of law subject to do novo review by this court. Farber v. Massillon Bd. of Educ., 917 F.2d 1391, 1399-1400 (6th Cir.1990), cert. denied, 498 U.S. 1082, and cert. denied, 111 S.Ct. 2851 (1991). For purposes of § 1983, the state statute of limitations and state tolling principles apply to determine the timeliness of the claims asserted. 42 U.S.C. § 1988; Wilson v. Garcia, 471 U.S. 261, 268-69 (1985). However, federal law determines the accrual of the claim. Hall v. Knott County Bd. of Educ., 941 F.2d 402, 408 (6th Cir.1991), cert. denied, 112 S.Ct. 982 (1992); Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984). Because this case arises out of Michigan, that state's three-year statute of limitations contained in Mich.Comp.Laws § 600.5805(1) is the uniform limitations period to be applied to this § 1983 case. Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.) (per curiam), cert. denied, 479 U.S. 923 (1986).
 
 
 5
 Reid was finally discharged from the city's employ in June of 1987. Any claim alleged in his 1992 complaint against the city would certainly be outside the statute of limitations, looking only to that date. Construing this pro se complaint liberally, it is arguable that Reid's due process claim did not actually accrue until he was notified by the Civil Service Commission that he would not be afforded a post-discharge hearing, under the Civil Service Commission Rules. However, Reid was aware, by February of 1988, that a hearing was being denied, rendering his 1992 filing with the district court still untimely, under § 1983. Thus, the district court correctly concluded that the statute of limitations barred any civil rights claims that Reid may have under § 1983 and § 1985.
 
 
 6
 Reid has not shown that he lacked actual or constructive notice of the filing requirement in federal court, that he was diligent in pursuing his right in federal court, or that it was reasonable for him to remain ignorant of the three-year statute of limitations period applicable to his claims. Andrews v. Orr, 851 F.2d 146, 151 (6th Cir.1988). Moreover, he has not shown that the defendants fraudulently concealed any information as to the existence of any cause of action, in order to toll the statute. Pinney Dock & Transp. Corp. v. Penn Cent. Corp., 838 F.2d 1445, 1465-72 (6th Cir.), cert. denied, 488 U.S. 880 (1988). Thus, Reid's argument that the statute of limitations should be tolled is without merit.
 
 
 7
 Unlike other statutory schemes under administrative law, there is no exhaustion of state remedies requirement before a civil rights suit may be filed under 42 U.S.C. § 1983. Patsy v. Bd. of Regents, 457 U.S. 496, 512 (1982). Thus, it was not necessary for Reid to complete the administrative process and await the denial of certiorari by the United States Supreme Court in regard to his administrative grievance before filing his civil rights claim in federal court.
 
 
 8
 Reid's claim against the union is also barred by the six-month statute of limitations period, both under state and federal law. Mich.Comp.Laws §§ 423.210, 423.210(3), 423.216(a); Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 753-54 (1985); DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 169 (1983). In this case, Reid's action accrued when he was allegedly denied assistance in 1987 to prepare for a hearing before the Michigan Civil Service Commission. Fox v. Parker Hannifin Corp., 914 F.2d 795, 803-04 (6th Cir.1990); Chrysler Workers' Ass'n v. Chrysler Corp., 834 F.2d 573, 578 (6th Cir.1987), cert. denied, 486 U.S. 1033 (1988). Therefore, any claim Reid may have against the union is barred by the applicable statutes of limitations.
 
 
 9
 For the first time, on appeal, Reid argues that he had a "liberty interest" in his job, entitling him to a hearing under the Due Process Clause. However, this argument was not first presented to the district court and need not be considered on appeal. Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 10
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.