7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glen Frederick MULLINS, Plaintiff-Appellant,
v.
David TROUTMAN, Sheriff, Defendant-Appellee.
 No. 93-3020.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1993.
 
 N.D. Ohio, No. 90-00222, White, J.
 N.D. Ohio
 VACATED AND REMANDED.
 Before: MILBURN and GUY, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Glen Frederick Mullins, pro se, appeals a district court order granting the defendant's motion for summary judgment in this civil rights case filed under 42 U.S.C. § 1983. The defendant is the Sheriff of Summit County, Ohio, and the county official in charge of the Summit County Jail (SCJ). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Mullins alleged that Troutman failed to implement a procedure at SCJ for routine testing of inmates for tuberculosis and claimed that such testing would have prevented him from contracting the disease at the time he was housed there from December 10, 1987, through March 2, 1988. The defendant filed a motion for summary judgment, with evidence showing that Mullins experienced his first positive reaction to a tuberculin skin test in 1985 and that Mullins had not been housed in SCJ before August 9, 1986. Therefore, the defendant argued that Mullins could not have contracted the disease while being housed at that prison facility. Accompanying the motion for summary judgment was a physician's progress report, noting that Mullins had tested positive for TB as early as February 23, 1978.
 
 
 3
 In response, Mullins filed a motion to amend his complaint, to prove that he was imprisoned in SCJ prior to 1986, contrary to the defendant's statement of the facts. The district court determined that Mullins had not shown "that any amendment of his complaint is necessary from the evidence presented in this case" and denied the motion by order dated May 19, 1991.
 
 
 4
 The plaintiff then filed a response to the defendant's motion for summary judgment, supported with documentation that he was housed at SCJ prior to August 9, 1986, contrary to the defendant's factual account. Mullins also stated that "the true fact in this case is Mullins first entered SCJ in 1973." In reply to this response, the defendant admitted that "plaintiff may have been in the jail prior to 1986," but that this fact was not material so as to prevent the grant of summary judgment, because the only time period in question was 1987-88. Essentially, the defendant argued that Mullins could not alter his original allegation that he contracted the disease between December 10, 1987, and March 2, 1988, to include an allegation that he may have contracted the disease at this prison facility prior to that period of time.
 
 
 5
 Mullins then filed a second motion to amend his original complaint pursuant to Fed.R.Civ.P. 15(a) and (b), arguing that he should be allowed the opportunity to present evidence that he contracted tuberculosis in the county jail prior to the 1987-88 time period set forth in his original complaint. In support of his motion to amend, Mullins also noted that he did not realize he had tested positive for tuberculosis in 1985 until the defendants filed their motion for summary judgment. Mullins alleged that he did not have any medical records or other information to verify his positive TB test in 1985, aside from his prescription for medication to treat the TB infection discovered in 1988, which medicine he believed was being administered due to a more recent exposure to the disease, i.e., in 1987-88.
 
 
 6
 In response to this argument, the defendant argued that the statute of limitations barred the action, because Mullins was aware that his "injury" occurred when he received a positive skin reaction in 1985 and because the applicable two-year statute of limitations had run before he filed his current action in February of 1990. However, Mullins then responded that his first knowledge of any exposure to TB was in 1988, after he had been prescribed the "INH medication" because of a positive reaction at that time. Moreover, Mullins stated that this was the first time he had ever been given any medication whatsoever as preventative therapy for the disease. This statement is supported by the medical documents of record and by the defendant's own admissions.
 
 
 7
 The district court considered all these arguments and determined that, because defendant had produced medical records indicating Mullins had tested positive for tuberculosis as early as February 1978, the proposed amended complaint would be "futile" because it could, nevertheless, not withstand a motion to dismiss. Thus, Mullins's motion to amend his complaint was denied, and the defendant's motion for summary judgment was granted. Subsequently, the district court certified that an appeal of that ruling would be taken in good faith pursuant to 28 U.S.C. § 1915(a), allowing Mullins to proceed in forma pauperis in this court. On appeal, Mullins repeats the arguments presented before the district court in his motions to amend his complaint.
 
 
 8
 Fed.R.Civ.P. 15(a) mandates that leave to amend "shall be freely given when justice so requires." However, leave to amend a complaint may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint. Forman v. Davis, 371 U.S. 178, 182 (1962). The grant or denial of the opportunity to amend is within the discretion of the district court, and, in general, this court reviews the trial judge's decision under an abuse of discretion standard. Foman, 371 U.S. at 182; Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 591 (6th Cir.1990).
 
 
 9
 In this case, the record shows that Mullins did not delay in filing his motion to amend immediately after the defendants had filed their motion for summary judgment. Because there was no undue delay, no prejudice would have resulted to the defendant in permitting Mullins to amend his complaint, as it appears that the defendant had access to all of the documentation, files and medical records upon which Mullins had intended to base his amended complaint. No new parties or causes of action were to be added by the amendment.
 
 
 10
 Based on the facts set forth above and on the rule that leave to amend shall be freely given, this court concludes that the district court abused its discretion in denying Mullins's motion to amend his complaint. Mullins has alleged that he was in SCJ as early as 1973 and that, due to the defendant's lack of proper screening procedures, he was exposed to tuberculosis at SCJ prior to the 1987-88 time period original set forth in his complaint. Further, evidence has been produced that Mullins tested positive for TB as early as 1978. Ultimately, the district court may or may not find that Mullins has met his burden of proving that he was subjected to cruel and unusual punishment. However, because the district court must accept all factual allegations in this pro se plaintiff's complaint as true, see Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990), Mullins should have, at least, been given the opportunity to amend his complaint so that the issue of when he may have been exposed to the alleged cruel and unusual punishment could be litigated and the evidence considered surrounding this particular allegation.
 
 
 11
 Accordingly, the district court's order denying the motion to amend and granting the motion for summary judgment is hereby vacated, and the case is remanded for further proceedings, in accordance with this order. Rule 9(b)(3), Rules of the Sixth Circuit.