7 F.3d 234
 RICO Bus.Disp.Guide 8404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sharon LEGGE; David Legge (92-4155), Plaintiffs-Appellants,
v.
Fredericka WAGNER; Robert Wagner; Flying W Farms, Inc.,
Defendants-Appellees,
Denise VISSER (92-4156), Plaintiff-Appellant,
v.
Fredericka WAGNER; Robert Wagner; Flying W Farms, Inc.,
Defendants-Appellees,
Constance BERGENDOFF (92-4233), Plaintiff-Appellant,
v.
Fredericka WAGNER; Robert Wagner; Flying W Farms, Inc.,
Defendants-Appellees.
 Nos. 92-4155, 92-4156 and 92-4233.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1993.
 
 On Appeal from the United States District Court for the Southern District of Ohio, Nos. 91-00611, 91-00614 and 91-00612; Graham, J.
 S.D.Ohio
 REVERSED AND REMANDED.
 Before: MILBURN and GUY, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the district court's grant of summary judgment in favor of the defendants in these consolidated actions for damages under The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961-1964. On appeal, the issue is whether the district court could properly grant summary judgment on the basis that the plaintiffs' complaints did not comply with Federal Rule of Civil Procedure 9(b) when that ground was not raised by any party at any stage of the proceedings. For the reasons that follow, we reverse and remand.
 
 I.
 
 2
 The defendants, Fredericka Wagner, Robert Wagner, and Flying W Farms, Inc., are exotic animal dealers, who sold Vietnamese Pot Bellied Pigs to each of the plaintiffs. Each plaintiff filed a complaint against defendants for violations of RICO and pendent state law claims for breach of warranty, misrepresentation, and fraud. The complaints alleged that defendants perpetuated a scheme to defraud plaintiffs by making misrepresentations about the Vietnamese Pot Bellied Pigs in the following manner:
 
 
 3
 a. Advertising animals as the "very very best quality and receive the finest care," "the very best in Vietnamese Pot Bellied pigs" and "direct Connel pedigrees" when, in fact, the pigs did not meet the standard of fitness represented;
 
 
 4
 b. Representing the pigs breeding and pedigree as high quality when, in fact, no such breeding or pedigree have been substantiated or given to [plaintiffs] when requested even though pedigree was advertised;
 
 
 5
 c. Representing the pigs as healthy when, in fact, the pigs were not; and
 
 
 6
 d. Representing the pigs as bred, breed stock or stud stock, when in fact, the animals were sterile, not bred or unable to breed.
 
 
 7
 J.A. at 181. The complaints further alleged that defendants engaged in a pattern of racketeering activity by repeatedly committing mail fraud, violations of 18 U.S.C. § 1341, and wire fraud, violations of 18 U.S.C. § 1343, in furtherance of their scheme to defraud.
 
 
 8
 Defendants answered the complaints by denying the substantive paragraphs and stating that plaintiffs failed to state a claim upon which relief could be granted and that plaintiffs had failed to state a claim sufficient to establish jurisdiction under RICO. Defendants then filed a motion for judgment on the pleadings in which their sole argument was that the complaints were deficient because they alleged damages for projected lost profits from breeding animals, damages that were too speculative. Plaintiffs responded by arguing that based upon the current case law of Ohio, plaintiffs were entitled to collect loss of profits. Defendants then filed a supplemental memorandum which restated their position that the damages were too speculative. The district court never ruled on the motion for judgment on the pleadings.
 
 
 9
 Defendants Fredericka and George Wagner filed a motion for summary judgment in which their sole argument was that they should not be liable in their individual capacities because the defendant corporation, Flying W Farms, Inc., was the entity that entered the contracts with plaintiffs. Plaintiffs responded by arguing that the fact that defendants were employees of the corporation does not preclude a RICO action against them individually. Defendants filed a supplemental memorandum which restated their position that they could not be held individually liable.
 
 
 10
 On September 29, 1992, the district court entered summary judgment for all defendants on the RICO claims and dismissed the pendent state law claims without prejudice. However, the district court did not base its decision on, or even mention, the grounds urged by the defendants in their motion for summary judgment; viz., that the Wagners were not acting in their individual capacity and could not be held liable under RICO. Instead, the district court based summary judgment entirely on plaintiffs' failure to plead the acts of fraud in their complaints with the particularity required by Federal Rule of Civil Procedure 9(b). This timely appeal followed.
 
 II.
 
 11
 This court reviews the district court's grant of summary judgment de novo. Brooks v. American Broadcasting Cos., Inc., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 12
 A district court may not grant summary judgment on grounds not urged by the moving party without giving adequate notice to the nonmoving party, unless there is no prejudice to the nonmoving party. See Routman v. Automatic Data Processing, Inc., 873 F.2d 970 (6th Cir.1989); Beaty v. United States, 937 F.2d 288, 291 (6th Cir.1991). The reason for this rule is that Rule 56(c) "mandates that the party opposing summary judgment be afforded notice and a reasonable opportunity to respond to all issues to be considered by the court." Routman, 873 F.2d at 971; see also Yashon v. Gregory, 737 F.2d 547 (6th Cir.1984); Kistner v. Califano, 579 F.2d 1004 (6th Cir.1978) (per curiam).
 
 
 13
 In this case, the district court granted summary judgment on a ground that had never been raised by defendants and which the parties could not reasonably anticipate. As earlier stated, defendants' motion for summary judgment was based solely on the argument that the Wagners could not be held individually liable under RICO, but the district court did not even mention this argument in its opinion. Instead, the district court based its decision to grant summary judgment on its determination that plaintiffs failed to plead the fraud, upon which they based their RICO claims, with the particularity required by Federal Rule of Civil Procedure 9(b).
 
 
 14
 Plaintiffs did not have notice that the district court was considering granting summary judgment on this basis, and this lack of notice was prejudicial to plaintiffs. Defendants had never raised the issue of noncompliance with Rule 9(b). Nor did the district court advise plaintiffs of this problem. If plaintiffs had been given notice of the district court's intent, they could have responded in several ways. They could have argued that summary judgment should not be granted on the sole basis of Rule 9(b). This court has noted that in the absence of a defendant's motion for a more definite statement under Rule 12(e), dismissal on the sole basis of a plaintiff's failure to comply with Rule 9(b) is inappropriate. Coffey v. Foamex L.P., No. 92-5990, slip op. at 8 (6th Cir. Aug. 6, 1993) (citing Hayduk v. Lanna, 775 F.2d 441, 445 (1st Cir.1985)). Plaintiffs also could have argued that their complaints actually met the requirements of Rule 9(b). Furthermore, if the complaints did not satisfy Rule 9(b), plaintiffs could have sought leave of the court to amend their complaints to cure the deficiency. Fed.R.Civ.P. 15(a). Because plaintiffs were not given notice that the district court was considering granting summary judgment on the basis of Rule 9(b), they were prejudiced by being denied the opportunity to respond in opposition. See Kistner, 579 F.2d at 1006 (holding that plaintiff "was prejudiced by not having an opportunity to respond in opposition" before the district court's sua sponte grant of summary judgment). Therefore, the district court erred in granting summary judgment to the defendants.
 
 
 15
 Since we have decided that it was inappropriate for the district court to grant summary judgment on grounds not raised by the parties, we do not need to address the other issues raised by plaintiffs; viz., whether defendants met their initial summary judgment burden, and whether the issue of Rule 9(b) was waived by the failure of the defendants to address it through a proper Rule 12(e) motion.
 
 III.
 
 16
 For the reasons stated, the judgment of the district court is REVERSED, and this case is REMANDED for further action consistent with this opinion.