7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris W. MOSS, Jr., Plaintiff-Appellant,
v.
UNITED STATES AIR FORCE, Defendant-Appellee.
 No. 93-3267.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1993.
 
 S.D.Ohio, No. 90-00070; Rice, J.
 S.D.Ohio
 AFFIRMED.
 Before: KENNEDY, SILER and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, Morris W. Moss, Jr., appeals a district court judgment dismissing his complaint filed pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-(16)). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff is a black male employee of the United States Air Force who applied for but was not promoted to the position of GS-510-12 Systems Accountant in 1986 and again in 1988. He brought this action against Donald B. Rice, Secretary of the United States Air Force, in his official capacity. He alleged that he was discriminated against in the promotion process on the basis of reprisal as to the first non-promotion and on the basis of his race, color and sex and in reprisal for prior protected activity as to the second non-promotion. Plaintiff sought compensatory damages, back pay and promotion to a GS-510-12 Systems Accountant position with the United States Air Force at Wright-Patterson Air Force Base in the Aeronautical Systems Division.
 
 
 3
 Following a hearing, a magistrate judge, serving as a special master, determined that plaintiff had not carried his burden of establishing that his 1986 non-promotion was the result of race, color or sex discrimination or retaliation for Title VII protected activity. The magistrate judge recommended that plaintiff's claims be dismissed with prejudice in a report and recommendation filed April 17, 1991. A supplemental report and recommendation addressing the parties' objections to the April 17, 1991, report and recommendation was filed on May 22, 1991. Upon de novo review in light of plaintiff's objections, the district court adopted the initial and the supplemental reports and recommendations and entered judgment dismissing plaintiff's claims.
 
 
 4
 Initially, we note that plaintiff failed to object to the magistrate judge's findings and recommendations regarding the 1988 non-promotion. Accordingly, he is now barred from complaining further of any errors in that recommendation and subsequent dismissal of that claim. See Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508-09 (6th Cir.1991). Only the 1986 non-promotion claim will be reviewed.
 
 
 5
 Upon review, we conclude that the complaint was properly dismissed. The findings of fact as found by the special master and adopted by the district court regarding the 1986 non-promotion are not clearly erroneous, see Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985), and de novo review of the court's legal conclusions reflects that the court properly dismissed the complaint. See In re Edward M. Johnson & Assocs., Inc., 845 F.2d 1395, 1398 (6th Cir.1988).
 
 
 6
 Despite the existence of a prima facie case of retaliation, see Canitia v. Yellow Freight System, Inc., 903 F.2d 1064, 1066 (6th Cir.) (per curiam), cert. denied, 498 U.S. 984 (1990), the district court's ultimate finding that plaintiff's 1986 non-promotion was the result of plaintiff's inexperience rather than retaliation for his Title VII protected activity is not clearly erroneous and cannot be disturbed. Plaintiff offered no evidence to suggest that the questions or scoring criteria used during the 1986 interviews were designed to discriminate against him in any manner. Although he alleged the scores were manipulated by the panel members in order to discriminate against him, he offered no evidence or even examples at trial.
 
 
 7
 Moreover, plaintiff failed to show that the reason given for the non-promotion was pretextual. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254-56 (1981). Plaintiff's purported rebuttal began with his attempt to show that the only reason articulated by defendant was that the selectee had experience as a Systems Accountant and plaintiff did not. Plaintiff attempted to show that he had Systems Accountant experience. However, as the evidence demonstrated, plaintiff's career brief showed no Systems Accountant experience. The selectee's career brief, on the other hand, reflected extensive Systems Accountant experience.
 
 
 8
 Plaintiff's attempt to establish that panel member Gilmore had a predisposition against him and, thus, had retaliated against him by not selecting him for the promotion was also insufficient to establish that defendant's articulated reason was pretextual. As the results of the 1986 interviews demonstrate, Gilmore's scores were consistent with those independently arrived at by the other two panel members. If Gilmore had any predisposition against plaintiff, he did not allow it to affect the scoring process. Additionally, defendant proved that Gilmore's alleged comments were stated after the evaluation of Davis was actually completed, that is, August, 1986.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.