7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph RANSDELL, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 93-5257.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1993.
 
 E.D.Ky., No. 92-00454; Forester, J.
 E.D.Ky.
 AFFIRMED.
 Before: MERRITT, Chief Judge; NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Joseph Ransdell, a pro se Kentucky state prisoner, appeals the dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ransdell is presently serving a ten year sentence on two counts of second degree burglary. He filed this habeas petition, after exhausting his state court remedies, to challenge the loss of two years good time credits as a result of an adjustment committee's finding of guilt on a charge of assault which resulted in the death of another inmate. Ransdell specifically argued that no finding was made regarding the reliability of confidential informants on whose statements his guilt was based. The district court adopted the magistrate judge's recommendation to dismiss the petition, over Ransdell's objections.
 
 
 3
 Upon review, we find no error. Ransdell received all the process to which he was due, as the adjustment committee discovered and assessed the investigating officer's basis for concluding that the informants' statements were reliable. See Hensley v. Wilson, 850 F.2d 269, 277 (6th Cir.1988). This was accomplished by the investigating officer's report that the informants' statements had been independently corroborated on specific material points. Id. In this case, twenty inmates described the incident in similar fashion, and eight inmates identified Ransdell as one of the assailants. The statements were also corroborated by the other evidence, including the fact that the victim had obviously been beaten and that Ransdell and the other two inmates charged were found to be intoxicated at the time.
 
 
 4
 Accordingly, the dismissal of this petition is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.