7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William MEYERS, Petitioner-Appellant,
v.
G.E. HURST; William Barr, U.S. Attorney General,
Respondents-Appellees.
 No. 93-5510.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1993.
 
 W.D.Tenn, No. 92-02892; McCalla, J.
 
 
 1
 W.D.Tenn.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: MARTIN and JONES, Circuit Judges, and DeMASCIO, Senior District Judge.*
 
 ORDER
 
 4
 William Meyers, a pro se federal prisoner, appeals the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Meyers entered a guilty plea in the Central District of Illinois to a charge of using a communications facility to distribute cocaine. Pursuant to the plea agreement, a charge of conspiracy to distribute cocaine was dismissed, and Meyers was sentenced to seventy-two months' imprisonment. He filed this petition in the Western District of Tennessee, where he is incarcerated, alleging that the indictment in his case was defective because it did not charge a predicate offense. The district court dismissed the petition because it challenged the conviction rather than the execution of the sentence and, therefore, was required to be filed in the sentencing court pursuant to 28 U.S.C. § 2255. See Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir.1977). The district court declined to transfer the case because of the frivolous nature of the claim raised.
 
 
 6
 Meyers filed a motion for reconsideration in the district court between the filing of the order of dismissal and the separate judgment entry. Following the entry of judgment, he filed a notice of appeal which was docketed in this court as appeal No. 93-5053. The district court denied the motion for reconsideration on March 10, 1993. This court dismissed appeal No. 93-5053 for lack of jurisdiction on March 16, 1993. Meyers filed a timely notice of appeal in the district court. He later moved this court for reconsideration of its order in No. 93-5053, which motion was denied on May 28, 1993. In his appellate brief, rather than address the merits of his petition, Meyers argues that the district court lacked jurisdiction to rule on his motion for reconsideration after a notice of appeal was filed.
 
 
 7
 Upon consideration, it is concluded that the issue raised on appeal is meritless. The district court did not lose jurisdiction to rule on the motion for reconsideration because the notice of appeal filed while a timely Rule 59(e) motion was pending had no effect. See Osterneck v. Ernst & Whinney, 489 U.S. 169, 173-74 (1989).
 
 
 8
 Meyers has not raised any other issues on appeal; therefore, any other arguments are considered abandoned and need not be addressed. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Moreover, it appears that this petition was properly dismissed for the reasons stated by the district court.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation