Kevin REID, Plaintiff–Appellant,

v.

The CITY OF FLINT; Flint Firefighters Iaff Union, Local 352, Defendants–Appellees.

No. 02–2101.

United States Court of Appeals, Sixth Circuit.

June 25, 2004.

Rehearing En Banc Denied Sept. 10, 2004.

Kevin Reid, Flint, MI, pro se.

Karen E. McDonald, Karen L. Folks, Legal Department, Flint, MI, George H. Kruszewski, Sachs Waldman, Detroit, MI, for Defendants–Appellees.

Before: DAUGHTREY, GIBBONS, and COOK, Circuit Judges.

## ORDER

Kevin Reid appeals a district court order that denied his Fed.R.Civ.P. 60(b) motion for relief from judgment in this employment discrimination action filed, inter alia, pursuant to the Americans With Disabilities Act, 42 U.S.C. §§ 12111–17. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Reid was fired from his job with the City of Flint in 1987. Reid filed an initial federal civil action concerning his firing in 1992, which the district court dismissed as barred by the applicable statute of limitations, and this court affirmed the judgment on appeal. *Reid v. City of Flint*, No. 93–1371, 1993 WL 394592 (6th Cir. Oct.6, 1993). Reid filed a state-court civil action regarding his firing in 1998, which the defendants removed to federal court. The district court dismissed the action as barred by res judicata and as barred by the statute of limitations and sanctioned Reid in the amount of $250, and this court again affirmed the judgment on appeal. *Reid v. City of Flint*, No. 99–1649, 2000 WL 876547 (6th Cir. June 22, 2000).

In 2002, Reid filed his Fed.R.Civ.P. 60(b) motion for relief from the district court's latter judgment. The magistrate judge recommended that the motion be denied and that a $1,000 sanction be imposed against Reid pursuant to Fed. R.Civ.P. 11, and Reid responded in opposition to the recommendation. The district court adopted the magistrate judge's recommendation in part, denied the motion, but declined to impose sanctions against Reid. Reid filed a timely Fed.R.Civ.P. 59(e) motion, and the district court denied the motion and imposed a $500 sanction against Reid. Reid filed a timely notice of appeal. This court denied Reid leave to proceed in forma pauperis on appeal, and Reid has now paid the appellate filing fee. On appeal, Reid contends that the district court abused its discretion in denying his Fed.R.Civ.P. 60(b) motion.

Generally, this court reviews the denial of a Fed.R.Civ.P. 60(b) motion only for an abuse of discretion. *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir.1992); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir.1991). A Fed.R.Civ.P. 60(b) motion may not be used as a substitute for an appeal, and an appeal from the denial of a Fed.R.Civ.P. 60(b) motion does not bring up the underlying judgment for review. *Browder v. Dir., Dep't of Corr.*,

434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989). Rule 60(b) provides for relief from a judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reasons justifying relief from the operation of the judgment.

The relief available under the residual provision, Fed.R.Civ.P. 60(b)(6), should be afforded only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990), and the district court's discretion to deny relief under this provision is particularly broad. *McDowell*, 931 F.2d at 383.

First, it is noted that, by the express terms of the rule itself, motions brought under Rule 60(b) must be made within a reasonable time, and motions based upon the first three subsections of the rule must be brought within one year of entry of the district court's judgment. Here, plaintiff filed his motion well beyond one year after the district court's judgment was entered. Nonetheless, it is noted that plaintiff alleged nothing that warrants relief under Fed.R.Civ.P. 60(b) in any event. Essentially, plaintiff merely alleges in a conclusory manner that quotes attributed to the City of Flint Fire Chief reflect that plaintiff was a tenured fireman at the time he was fired rather than a probationary employee as defendants asserted. However, plaintiff can point to nothing that would have brought either of his lawsuits within the statute of limitations. Under these circumstances, the district court cannot be deemed to have abused its discretion in denying plaintiff relief from the judgment in this case.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.