Carlton THORNHILL, Appellant,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.

No. 12560.

United States Court of Appeals
Fourth Circuit.

March 11, 1969.

No attorney for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Va., Richmond, Va., for appellee,

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BUTZNER, Circuit Judges.

PER CURIAM.

Carlton Thornhill appeals from an order of the district court (Dalton, J.) dismissing his petition for a writ of habeas corpus.

Thornhill is serving two life sentences for first degree murder. One sentence was imposed on September 30, 1959 after a jury trial. The other was imposed on January 20, 1960 after Thornhill pleaded guilty to a second murder indictment.

Thornhill alleges that he was incompetent to stand trial, that he should

have been committed to a hospital for the insane, that the M'Naghten test for insanity is unconstitutional, and that his court-appointed counsel were ineffective in that they failed to appeal his conviction.

The district judge relied on the state court record in dismissing the petition. He found that the petitioner had been placed under observation in the State Hospital in Petersburg for two months before the observing physicians pronounced him competent to stand trial. The court also found that the issue of insanity was raised at trial and decided against the petitioner by the jury.

 Although these findings would justify denying relief to Thornhill, they must have been based on a full and fair hearing. Reliance on state findings is justified only when the "state-court trier of fact has after a full hearing reliably found the relevant facts." Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). The Supreme Court in that case went on to say:

> "A District Court sitting in habeas corpus clearly has the power to compel production of the complete state-court record. Ordinarily such a record—including the transcript of testimony (or if unavailable some adequate substitute, such as a narrative record), the pleadings, court opinions, and other pertinent documents—is indispensable to determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings." 372 U.S. at 318, 83 S.Ct. at 760.

Here, the district court apparently had before it only the record and transcript of the state habeas corpus hearing, File No. 716, and at that hearing, the judge sustained several objections to testimony on Thornhill's mental competency. The insanity issue was fully heard only at the original trial. Without the transcript of the trial, the district court could not determine whether Thornhill had had a satisfactory adjudication of his sanity in the state courts. See Gause v. North Carolina, No. 12,224, mem. dec. (4th Cir., October 16, 1968); Johnson v. North Carolina, No. 12,236, mem. dec. (4th Cir., October 16, 1968). Since it is apparent from the record on appeal that there is a trial transcript in existence, the district court should have no difficulty in determining whether there was a full hearing in the state court. If it turns out that Thornhill's claim of incompetence was not adequately explored at his trial, he is entitled to a federal hearing on it. Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963); Lovedahl v. North Carolina, 338 F.2d 512 (4th Cir. 1964).

 Thornhill's claims regarding the constitutionality of the M'Naghten rule and ineffective counsel did not depend on factual issues and were properly decided by the district court.

The judgment of the district court is vacated. The case is remanded for a determination of Thornhill's sanity at the time of trial, either on the basis of an adequate state record or a hearing.