Mark E. SARGENT, Petitioner–
Appellant,

v.

Lloyd WATERS, Warden; Attorney
General of the State of Maryland,
Respondents–Appellees.

No. 95–6111.

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 25, 1995.

Decided Dec. 11, 1995.

**ARGUED:** James Christopher Savage, Rockville, Maryland, for Appellant. Gwynn X. Kinsey, Jr., Assistant Attorney General, Office of the Attorney General, Baltimore, Maryland, for Appellees. **ON BRIEF:** J. Joseph Curran, Jr., Attorney General of Maryland, David P. Kennedy, Assistant Attorney General, Office of the Attorney General, Baltimore, Maryland, for Appellees.

Before POWELL,* Associate Justice (Retired), United States Supreme Court, sitting by designation, and MURNAGHAN and WILLIAMS, Circuit Judges.

_____

* Justice Powell heard oral argument but did not participate in the decision of this case. The decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Relief denied by published opinion. Judge Murnaghan wrote the opinion, in which Judge Williams joined.

## OPINION

MURNAGHAN, Circuit Judge:

In September 1988, the Petitioner, Mark E. Sargent, was charged in the Maryland Circuit Court for Baltimore City with first-degree rape, attempted rape, kidnapping, assault and battery, and other offenses arising from five separate incidents. All of the cases were assigned for trial to Judge Joseph Pines. On April 20, 1989, in the first case brought to trial, the Petitioner was acquitted of first-degree rape. Seven days later, in the second case, he was convicted of attempted first-degree rape and other crimes. Moments after the jury's verdict was announced, Judge Pines, the prosecutor, Gregory Rothwell, and the Petitioner's trial counsel, Howard Cardin, met in the judge's chambers to discuss the commencement of the remaining cases. Cardin has testified that, in that meeting, the following occurred:

> Judge Pines was in his chambers by the time I got in there and Mr. Rothwell got in. And as I walked in, certainly before I was seated, Judge Pines said to me, "Howard, I'm going to give him life. You better work a deal with the State. If not, he's getting life in this one and consecutive sentences in the other cases, remaining cases." I was upset at that point, and I said to Judge Pines, "I don't know how you can make a statement like that. You haven't even seen a presentence investigation or a medical report." His response was, "He's dangerous. I'm telling you right now that unless you work a deal, he's getting life."

Cardin stated that he relayed the judge's remarks, as he heard them, to the Petitioner and his father. Approximately three weeks later, the Petitioner pled guilty to the assertion of first-degree rape that was charged in the third case. In exchange, Maryland agreed to prosecute neither the remaining charges in the third case nor any of the charges in the fourth and fifth cases. In June 1989, in accordance with the plea arrangement, Judge Pines sentenced the Peti-

tioner to forty years' imprisonment: forty years for the attempted rape, concurrent to forty years for the first-degree rape. The Maryland Court of Special Appeals subsequently reversed the conviction of attempted rape, and the State elected not to re-prosecute.

The Petitioner then initiated state post-conviction proceedings, claiming that his plea of guilty to the first-degree rape charge was involuntary—he has alleged that he agreed to plead guilty only because he feared receiving the threatened life sentence—and that his conviction of that crime should therefore be vacated. In the course of the post-conviction proceedings, Judge Pines denied that he had threatened to impose a life sentence on the attempted rape conviction and on the rape conviction as to which the Petitioner had subsequently pled guilty. On November 13, 1990, Judge Kathleen O'Ferrall Friedman, of the Maryland Circuit Court for Baltimore City, held that the Petitioner had failed to meet his burden of proof. On remand by the Maryland Court of Special Appeals for application of the proper standard of proof, Judge Friedman again denied relief. Upon the Petitioner's second appeal, the Court of Special Appeals remanded again, this time to determine what effect, if any, Cardin's account of the conversation with Judge Pines—regardless of the truth of that account—had on the Petitioner's state of mind and on his decision to plead guilty. Judge Friedman again denied relief, concluding that "[w]hether petitioner believed what his attorney told him is not at issue" because there was a "strong likelihood" that the Petitioner's guilty plea was forthcoming regardless of Cardin's account: "the transcript of the proceedings, at which the guilty plea was tendered and accepted, reveals no complaint that Sargent was coerced," and a guilty plea was "the most logical decision" in light of the fact that this was Petitioner's third rape charge, that he already faced a possible life sentence for the conviction of attempted rape, and that he faced possible life sentences in the three remaining cases. The Court of Special Appeals affirmed.

Having exhausted his state remedies, the Petitioner petitioned the United States dis-

trict court for the *habeas* relief that is sought in the present appeal. Adopting the findings and recommendations of the magistrate judge, the district judge held that the Petitioner had been given a fair and adequate hearing on the voluntariness issue by the state courts, that he had not demonstrated entitlement to an evidentiary hearing in federal court, and that the guilty plea had been voluntarily entered. An appeal to the Fourth Circuit has followed.

When a federal court is petitioned for *habeas* relief, the state court's factual findings must be presumed correct, so long as they were made after a hearing on the merits and are evidenced by a written opinion or "other reliable and adequate written indicia." 28 U.S.C. § 2254(d) (1988). To disregard the state court's factual findings, the federal *habeas* court must conclude that those findings "lacked even 'fair support' in the record." *Marshall v. Lonberger*, 459 U.S. 422, 432, 103 S.Ct. 843, 850, 74 L.Ed.2d 646 (1983). The presumption of correctness vanishes, however, if it appears that, *inter alia*, the merits of the factual dispute were not resolved in the state court hearing, the state court's fact-finding procedures deprived the applicant of a full, fair, and adequate hearing, or the material facts were not adequately developed in the state court hearing. 28 U.S.C. § 2254(d). If any of those circumstances appears to apply, the district court must hold a hearing to resolve the factual dispute. *Townsend v. Sain*, 372 U.S. 293, 316, 83 S.Ct. 745, 758–59, 9 L.Ed.2d 770 (1963); *Thornhill v. Peyton*, 420 F.2d 477, 478 (4th Cir.1969).

The Supreme Court has further held that, while "the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d)," the historical facts underlying such pleas are entitled to deference under the statute. *Marshall*, 459 U.S. at 431–32, 103 S.Ct. at 849.

## I. *Necessity of an Evidentiary Hearing*

The Petitioner has contended that the district court erred by "failing to make an independent determination of [Petitioner's] voluntariness claim." He has made the argument that he was entitled to an evidentiary hearing before the district court because (1) the issue of a plea's voluntariness is a mixed question of law and fact about which state courts' findings are not to be presumed correct under § 2254(d) and (2) by refusing to address the issue of the effect of Cardin's account on the Petitioner's state of mind—an issue, though related to, still distinct from the question of whether Judge Pines actually made the remarks Cardin attributed to him— Judge Friedman had denied the Petitioner a full and fair hearing within the meaning of § 2254(d).

In support of the proposition that the voluntariness of a guilty plea is a mixed question of law and fact about which state courts' findings are not entitled to a presumption of correctness under § 2254(d), the Petitioner has cited *Marshall v. Lonberger*, 459 U.S. 422, 431, 103 S.Ct. 843, 849, 74 L.Ed.2d 646 (1982). What the *Marshall* Court stated, though, was that the "governing standard" required by the federal Constitution in claims regarding whether a plea was voluntary is an issue about which state courts' findings are not entitled to deference under § 2254(d). *Marshall*, 459 U.S. at 431, 103 S.Ct. at 849. A state court's findings on the factual issues underlying the guilty plea, however, *are* entitled to great deference. *Id.* at 431–32, 103 S.Ct. at 849.

The Petitioner has not cited it, but there is *dictum* in a recent Fourth Circuit case which might support his view. In a footnote, the court stated that "the voluntariness of a plea is ... a mixed question reviewed *de novo* on federal habeas." *Ostrander v. Green*, 46 F.3d 347, 355 (4th Cir.1995) (citing *Marshall*). *See also Parry v. Rosemeyer*, 64 F.3d 110, 113 (3d Cir. 1995) (stating that "[w]hether a plea of guilty is voluntary is a question of law and not a question of fact subject to the presumption of correctness of 28 U.S.C. § 2254(d)"); *Chacon v. Wood*, 36 F.3d 1459, 1464 (9th Cir.1994) ("[t]he ultimate state court determination of ... the voluntariness of a guilty plea is not subject to deferential review"); *Ventura v. Meachum*, 957 F.2d 1048, 1055 (2d Cir.1992) ("section

2254(d) does not require deference to state court findings on mixed issues of fact and law, such as whether a plea agreement was entered into voluntarily"). *Compare Garcia v. Johnson,* 991 F.2d 324, 326 (6th Cir.1993) ("the factual findings of a state court that the plea was proper generally are accorded a presumption of correctness," so long as the transcript is adequate to show that the plea was voluntary).

■ In short, we find that deference is due to all findings of fact on which a voluntariness *vel non* determination is based. The Petitioner's claim that he was entitled to an evidentiary hearing because § 2254(d) does not assign a presumption of correctness to state courts' factual findings underlying the voluntariness issue is therefore without merit.

■ The Petitioner has claimed, in the alternative, that he is entitled to an evidentiary hearing in a federal court under § 2254(d) because the state denied him a full and fair hearing on the issue of what effect Cardin's account had on the Petitioner's decision to plead guilty. While the court's analysis did not take the form that the Petitioner would have preferred (since Judge Friedman did not directly ask what effect the account actually had), she did address the matter by factually finding that Cardin's account's effect was of no consequence: Based on the strong factual showing the State could have made in support of the rape charge,[1] on the Petitioner's sworn statement at the time he entered the plea that he did so voluntarily, on the fact that the Petitioner then already faced a possible life sentence for the attempted-rape conviction, and on the fact that he faced possible life sentences in the three remaining cases, Judge Friedman concluded that the Petitioner would have pled guilty even if the given conversation with Cardin had never occurred. Those findings appear to have been made after the kind of full and fair hearing that § 2254(d) demands. As the district court observed, the state court "fairly and adequately evaluated witnesses whose testimony it heard," and, with guidance from the state Court of Special Appeals, it applied the proper legal standards. The state court's findings cannot be said to lack fair support in the record. *See Marshall,* 459 U.S. at 432, 103 S.Ct. at 849–50.

We therefore find that the district court properly held that the Petitioner was not entitled to a federal evidentiary hearing.

## II. *Voluntariness of Plea*

The Petitioner has claimed that Cardin's account—regardless of its truth—influenced his decision to plead guilty to such an extent that the plea should be regarded as having been involuntarily entered. Cardin testified that, after relating Judge Pines's alleged comments to the Petitioner, he told the Petitioner "that the difference between a 35–year [later bargained up to a 40–year] sentence and a life sentence was an eternity, and that he really had no choice but to allow me to work the deal. At that point, he agreed." The Petitioner testified that he only pled guilty to avoid a life sentence, and that Cardin had instructed him, when asked, to state that he was entering the plea voluntarily.

As support for the argument that Cardin's account coerced the Petitioner to such an extent that his guilty plea was invalid under the familiar *Boykin* standard,[2] the Petitioner cites an Eighth Circuit decision, *United States v. Becklean,* 598 F.2d 1122 (8th Cir. 1979), *cert. denied,* 444 U.S. 864, 100 S.Ct. 135, 62 L.Ed.2d 87 (1979). In *Becklean,* the court observed in *dicta* that "[a] defense counsel's mistaken representation to a defendant as to what a prosecutor promised may constitute grounds to vacate the plea, notwithstanding the prosecutor's lack of complicity in the mistake, if the representation played a substantial part in inducing the plea." *Id.* at 1125. The Fourth Circuit has similarly observed that a guilty plea is not voluntary if the defendant's "free will is over-

---

1. The victim had noted the license plate number of her attacker's car, and the car proved to be owned by the Petitioner's father. The victim also provided a description that matched the Petitioner and identified him from a photographic array.

2. In *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court held that, in order to be valid, a plea of guilty must be knowingly and voluntarily made. *See id.* at 242–43, 89 S.Ct. at 1711–12.

**162**

borne by the prosecutor or the accused's lawyer." *Edwards v. Garrison,* 529 F.2d 1374, 1380 (4th Cir.1975), *cert. denied,* 424 U.S. 950, 96 S.Ct. 1421, 47 L.Ed.2d 355 (1976).

The issue of whether the district court properly held that the Petitioner's plea was voluntary is largely resolved by our analysis of the Petitioner's claim that he is entitled to an evidentiary hearing before a federal court. The state court concluded that the Petitioner's plea was voluntary, and the factual findings underlying that determination are entitled to deference under 28 U.S.C. § 2254(d). On review, and, especially, deferring to the findings of underlying facts, we have reached the same conclusion. Moreover, the Supreme Court has stated that *habeas* relief should be especially rare when the petitioner stated, upon entering the guilty plea, that he or she did so knowingly and voluntarily. *Blackledge v. Allison,* 431 U.S. 63, 73, 97 S.Ct. 1621, 1628–29, 52 L.Ed.2d 136 (1977); *see also United States v. DeFusco,* 949 F.2d 114, 119 (4th Cir.1991) (statements by petitioners at the time of pleading that they are doing so voluntarily amounts to strong, formidable evidence thereof), *cert. denied,* 503 U.S. 997, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992). We have further declared that, when a defendant is represented by counsel when making his guilty plea, that plea is strongly presumed to be valid in subsequent *habeas* proceedings. *United States v. Custis,* 988 F.2d 1355, 1363 (4th Cir.1993), *aff'd,* — U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994).

■ The Petitioner was represented by counsel at the time he entered his plea. His explicit waiver of rights and his statement that he was entering his plea voluntarily cover eleven transcript pages. At one point, the following exchange occurred, with Cardin, the counsel, posing the questions:

Q: ... [I]t is important that the court understands that you are knowingly and voluntarily giving up the rights that you are entitled to. Do you understand that?

A: Yes, sir.

Q: Has anyone threatened you, coerced you, hit you, or did anything to force you to plead guilty?

A: No, sir.

Q: Other than the plea negotiations, has anyone promised you anything to plead guilty?

A: No, sir.

Q: Has this been a free and voluntary act on your part?

A: Yes, sir.

Q: Do you understand that appeal on that issue would not meet with success?

A: Yes, sir.

Under *Blackledge* and *Custis,* under the deferential standard of review that § 2254(d) requires this court to apply when reviewing the state court's conclusion that the Petitioner would have pleaded guilty even if he hadn't heard Cardin's account of Judge Pines's alleged statement, and given the Petitioner's explicit statements indicating that he was entering his plea voluntarily (and even understood that any appeal of that issue would fail), both the state courts and the federal district court have correctly held that the Petitioner has not shown that he entered his plea involuntarily.

### III. *Conclusion*

The Petitioner's request for *habeas* relief is, therefore,

*DENIED.*