**Jorge GARCIA, Petitioner–Appellee,**

**v.**

**Richard JOHNSON, Respondent–
Appellant.**

**No. 92–1830.**

United States Court of Appeals,
Sixth Circuit.

Argued and Submitted Jan. 25, 1993.

Decided April 15, 1993.

---

George A. Sullivan, Jr. (briefed), Bloomington, IN, for petitioner-appellee.

Kathleen Davison Hunter, Asst. Atty. Gen. (argued and briefed), Peter L. Trezise, Lansing, MI, for respondent-appellant.

Before: BOGGS and SILER, Circuit Judges; and JOINER, Senior District Judge.[*]

BOGGS, Circuit Judge.

Jorge Garcia filed a petition for a writ of habeas corpus claiming that his 1987 guilty plea for assault with intent to commit murder was involuntary, primarily because of alleged language difficulties (Garcia speaks only Spanish) and because he gave contradictory answers at different points in his plea hearing. The district court ordered that the writ be granted unless the State of Michigan held another hearing, within ninety days, to establish by clear and convincing evidence that the plea was voluntary and intelligent. The State of Michigan appealed, alleging that the district court failed to apply a presumption of correctness to state court findings, and that the evidence demonstrated that the plea was voluntary and intelligent. For the reasons stated, we reverse.

## I

Police arrested petitioner Jorge Garcia for the stabbing of David Castenada. Garcia was charged with assault with intent to commit murder, and possession of a concealed weapon. Petitioner appeared before the Kent County Circuit Court in Michigan on February 2, 1987 in order to plead guilty to the assault with intent to murder count, in violation of MCL § 750.83. In exchange

---

[*] The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

for his plea, the government agreed to dismiss the concealed weapon count. Because petitioner cannot speak English, he was represented by a Spanish-speaking attorney. As an extra safeguard to insure that Garcia understood the proceedings, the court provided an interpreter. The court read the charge, and explained to Garcia the rights he was forfeiting by pleading guilty. The court further emphasized that petitioner was pleading guilty to a felony that was punishable by up to life imprisonment. Petitioner acknowledged that he understood, and that he was pleading guilty voluntarily.

The trial court then elicited a factual basis for the guilty plea. Petitioner acknowledged that the crime occurred on September 28, 1986. Petitioner stated that he became angry when an employee asked him to leave a bar. Garcia related that he then stabbed the employee in the back, and that the knife was about seven to eight inches long. The trial court asked petitioner if he intended great bodily harm.

The Defendant: No.

The Court: Did you stab him?

The Defendant: Yes.

The Court: And you knew that if you stabbed him it might kill him?

The Defendant: Yes.

The Court: You did not do this in self-defense?

The Defendant: No.

The court later asked Garcia if he knew he might kill the victim when he stabbed him.

The Defendant: Yes.

The Court: And that is what you intended to do at that time?

The Defendant: No.

At this point, the defense attorney asked if he might speak to his client. After a short discussion, the interpreter told the court that "he (petitioner) knows that with a knife that size he could kill somebody." The court then asked the petitioner if that was what he intended, and Garcia replied "Yes." The plea bargain was then accepted. On February 24, 1987, the court sentenced petitioner to incarceration for not less than 12 years, nor more than 30.

Garcia then made a motion to withdraw his guilty plea. He argued that he did not understand the nature of the charge, that the court failed to establish a sufficient factual basis, and that his attorney had misled him regarding the possible sentences. The court denied the motion. The conviction and sentence were affirmed by the Michigan Court of Appeals, and the application for leave to appeal to the Michigan Supreme Court was denied.

On May 8, 1991, Garcia filed a *pro se* petition for a writ of habeas corpus challenging the validity of his state court conviction for assault with intent to commit murder. Garcia argued that his plea was involuntary because he did not understand the nature and consequences of the charge; his conviction was obtained by a coerced confession; and there was insufficient factual basis for acceptance of the plea. On December 30, 1991, a magistrate judge, after reviewing the evidence, issued a report and recommendation that the writ would be granted unless the State of Michigan held a hearing within ninety days to establish by clear and convincing evidence that Garcia's plea was voluntary and intelligent. The district court adopted the magistrate judge's report.

The State of Michigan then brought this timely appeal.

## II

In *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court observed that when a defendant enters a guilty plea, the state has the burden to show that the plea was voluntary and intelligent. When a defendant subsequently brings a federal habeas petition challenging his plea, the state generally satisfies its burden by producing a transcript of the state court proceeding. The factual findings of a state court that the plea was proper generally are accorded a presumption of correctness. *Dunn v. Simmons,* 877 F.2d 1275 (6th Cir.1989), *cert. denied,* 494 U.S. 1061, 110 S.Ct. 1539, 108 L.Ed.2d 778 (1990), *overruled on other*

*grounds by Parke v. Raley,* —— U.S. ——, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). However, when the transcript is inadequate to show that a plea was voluntary and intelligent, the presumption of correctness no longer applies.[1]

In this case, the magistrate judge found that the presumption of correctness did not apply. According to the court, the record as a whole did not demonstrate that Garcia voluntarily and intelligently entered a guilty plea. The court relied on Garcia's attempts to state that he did not intend to kill his victim. Other factors included that Garcia was a native of Mexico, had only lived in this country for one year, and did not speak English. For these reasons, the magistrate judge did not accord a presumption of correctness. The district court adopted these findings.

■ A determination of the voluntariness of a guilty plea must be made on an analysis of the totality of the circumstances. *Berry v. Mintzes,* 726 F.2d 1142 (6th Cir.), *cert. denied,* 467 U.S. 1245, 104 S.Ct. 3520, 82 L.Ed.2d 828 (1984). Based upon the record, it is clear that the presumption of correctness should apply and that the petitioner's plea was voluntary and intelligent.

■ The magistrate primarily relied upon the language difficulties encountered by Garcia. Garcia did not speak English and only lived in this country for one year. These facts are unavailing. The prisoner had an experienced criminal attorney who spoke Spanish. As an extra precaution, the court provided an interpreter. These safeguards are sufficient. *See United States v. Rodriguez–DeMaya,* 674 F.2d 1122 (5th Cir.1982) (where defendant spoke

little English, fact that interpreter was present was sufficient to conclude that defendant understood nature of the charges). Thus, there is no basis for questioning the voluntariness for any reason other than those appearing in the English version of the transcript.

■ On numerous occasions during the plea, Garcia admitted that he stabbed the victim in the back with a seven- or eight-inch knife. Garcia also explained why he did so. Garcia did state that he did not intend to kill his victim. However, after speaking with his attorney, Garcia reversed his position, and admitted that the murder was intended. A temporary qualification of position by the defendant is not sufficient to rebut the presumption of correctness of state court proceedings, and to support a finding that Garcia did not understand the nature of his plea. The evidence overwhelmingly shows that Garcia's plea was voluntarily and intelligently made.

Garcia carried on a substantial discussion with the judge pertaining to the facts of the case. He admitted that he intended to murder the victim. Furthermore, in exchange for his plea, Garcia had the concealed weapon count dismissed. Given the overwhelming evidence against him, Garcia demonstrated acumen by pleading guilty to the murder count, and avoiding increased incarceration for possession of the weapon. Nothing suggests that Garcia did not understand the circumstances of his guilty plea.

The present case is similar to *Higgason v. Clark,* 984 F.2d 203 (7th Cir.1993). In *Higgason,* the petitioner argued that his state guilty plea to murder should be vacated because he did not have the requisite

---

1. As stated in 28 U.S.C. § 2254(d):

> In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer of agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct unless the applicant

shall establish or it shall appear, or the respondent shall admit ...

> •    •    •    •    •

> (8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced ... and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record

> •    •    •    •    •

intent to constitute murder. The petitioner relied upon the portion of his plea colloquy during which he told the judge that he did not intend to kill his victim. The district court rejected this argument. Petitioner had admitted shooting someone at close range, and that he knew that his actions might cause his victim's death. Based upon this evidence, the court observed that overwhelming evidence supported the state court's finding that the plea was proper. *Id.* at 206.

■ The present case leads to the same result. Petitioner ignores the overwhelming evidence that his plea was voluntary. Petitioner would have us indulge every doubt and ambiguity in the record against the State of Michigan. This is not the law. Under *Parke v. Raley,* —— U.S. ——, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), and *Dunn v. Simmons,* 877 F.2d 1275 (6th Cir. 1989), the petitioner must overcome a heavy burden if this court is to overturn state court findings. The record is replete with evidence that petitioner made a knowing and voluntary plea. Accordingly, this court rejects petitioner's position. The state court's finding that petitioner voluntarily and knowingly pled guilty was correct.

The case is REVERSED and REMANDED for proceedings consistent with this opinion.