7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard Angelo RODRIQUEZ, Petitioner-Appellant,
v.
Denise M. QUARLES, Respondent-Appellee.
 No. 92-2359.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1993.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Richard Angelo Rodriquez appeals the district court's denial of his petition for a writ of habeas corpus. We affirm.
 
 
 2
 Rodriquez killed Katherine Gleason on April 18, 1983. She was shot in the head and hit a number of times with a hammer. Rodriquez was arrested shortly thereafter and held in the Muskegon County Jail. On May 18, he underwent a psychiatric evaluation by Robert Mogy, Ph.D., who concluded that Rodriquez was competent to stand trial. On December 12, the Muskegon County Circuit Court conducted a competency hearing and determined that Rodriquez was competent to stand trial.
 
 
 3
 During 1983 and 1984, Rodriquez was under the care of Dr. David H. Dietrick, the jail physician. On May 11, 1983, Dr. Dietrick prescribed 50 milligrams of Mellaril, a sedative, per day for Rodriquez as treatment for his stress and lack of sleep. On June 29, Dr. Deitrick increased Rodriquez' dose, which was decreased on January 6, 1984. On January 16, 1984, Dr. Deitrick stopped prescribing Mellaril for Rodriquez. Four days later, he resumed treating Rodriquez with Mellaril, and Rodriquez continued taking Mellaril until leaving the Muskegon County Jail.
 
 
 4
 On February 9, 1984, while he was still taking Mellaril, Rodriquez pled guilty to second-degree murder, a violation of MICH.COMP.LAWS § 750.316. The Circuit Court of Muskegon County told Rodriquez of the possible charge, asked him if he understood the charge, and asked him if he had been coerced into pleading guilty. He replied that he understood the charge and was pleading voluntarily. The circuit court asked Rodriquez to describe his murder of Katherine Gleason, and he described the murder in great detail. He stated that he was competent to stand trial and did not intend to pursue the issue of competency or legal insanity.
 
 
 5
 The circuit court sentenced Rodriquez to life imprisonment, which Rodriquez appealed to the Michigan Court of Appeals. Rodriquez based his appeal on the length of the sentence, not based on the voluntariness of his plea. Rodriquez then filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in federal district court. The district court ordered an evidentiary hearing to evaluate Rodriquez' petition, and referred this case to a magistrate judge.
 
 
 6
 At the evidentiary hearing, Rodriquez testified that his guilty plea was involuntary because he was not capable of understanding his plea. Rodriquez also called Dr. David H. Dietrick; Glenn Eaton, a clinical psychologist who counseled Rodriquez while he was in jail and under treatment with Mellaril; Thomas L. Riegler, a lawyer who represented Rodriquez at the trial level; John P. LaGoe, a priest from whom Rodriquez sought assistance and counsel; and Dr. William Nagler, a psychiatrist. Respondent called Michael Geoghan, a nurse who treated Rodriquez while he was in jail and under treatment for Mellaril; Robert B. Mogy, the clinical psychologist who conducted the competency examination of Rodriquez on June 23, 1983; and Dr. William A. Decker, a psychiatrist.
 
 
 7
 The magistrate judge concluded from the testimony presented by each side that Rodriquez had voluntarily entered a plea of guilty. In reaching this conclusion, the magistrate judge specifically found that Rodriquez' testimony was not credible. The magistrate judge also relied on Rodriquez' long, clear statements at the time that he pled guilty, and lucid letters he wrote while under treatment with Mellaril. Additionally, the magistrate judge determined that the testimony of the opposing experts, Decker and Nagler, was compatible and that they failed to show that Rodriquez had not been capable of entering a voluntary plea.
 
 
 8
 The district court accepted the magistrate judge's report and recommendation, making some minor changes at Rodriquez' request. Accordingly, the district court denied Rodriquez' petition for writ of habeas corpus. Rodriquez now appeals.
 
 
 9
 On appeal, Rodriquez' sole argument is that the district court was clearly erroneous in finding that Rodriquez voluntarily entered a plea of guilty to second-degree murder.
 
 
 10
 A plea of guilty is valid if entered voluntarily, knowingly, and intelligently. Boykin v. Alabama, 395 U.S. 283, 242-44 (1969). A federal district court may issue a writ of habeas corpus to correct a state court's acceptance of a non-voluntary plea of guilty. See Garcia v. Johnson, 991 F.2d 324, 327 (6th Cir.1993) (discussing procedures in habeas proceedings for states to defend the voluntariness of defendants' guilty pleas). The district court's findings of fact in a habeas corpus proceeding are subject to the "clearly erroneous" standard of review, e.g., McCall v. Dutton, 863 F.2d 454, 459 (6th Cir.), cert. denied, 490 U.S. 1020 (1989), and, according to Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985), an appellate court may reject a factual finding under this standard only if the reviewing court "is left with the definite and firm conviction that a mistake has been committed."
 
 
 11
 We cannot say that we have a definite and firm conviction that a mistake has been committed. The magistrate judge had the opportunity to see the witnesses and evaluate their believability, and he did not believe Rodriquez' testimony. Rodriquez' statements at his plea hearing and the letters he wrote while under treatment with Mellaril are quite lucid. The individuals who saw Rodriquez while he was taking Mellaril and while he pled guilty to second-degree murder testified that he was lucid. Finally, the district court determined that the two experts' testimony failed to show that Rodriquez was not capable of making a voluntary plea. Reviewing the record as a whole, not only can we not say that the district court's finding was clearly erroneous, we agree with it.
 
 
 12
 The panel has received and reviewed each of the requested issues presented by Mr. Rodriquez through his counsel. These requests were contained in a letter to us listing eight separate issues. We have examined each of them in detail and find them to be without merit.
 
 
 13
 The district court's dismissal of Rodriquez' petition for a writ of habeas corpus is affirmed.