28 F.3d 1213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Floyd R. GUINN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5084.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1994.
 
 Before: JONES and RYAN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Floyd R. Guinn, a pro se federal prisoner, appeals a district court order denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, Guinn pleaded guilty to use of a firearm in relation to a drug trafficking offense and conspiring to distribute and possess cocaine. Guinn was sentenced to 180 months of imprisonment and ten years of supervised release.
 
 
 3
 In 1993, Guinn filed a motion to vacate his sentence contending that his attorney was ineffective when counsel advised Guinn to plead guilty and that the trial court erred in failing to comply with the requirements of Fed.R.Crim.P. 11. The district court denied the motion as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 In his timely appeal, Guinn continues to argue the merits of his motion. In addition, Guinn contends that the district court erred in dismissing his motion as frivolous under Sec. 1915(d) and in not conducting an evidentiary hearing. He requests oral argument.
 
 
 5
 Upon review, we conclude that Guinn has failed to establish the denial of a substantive right or defect in the proceedings that is inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 Guinn's counsel rendered effective assistance as Guinn has not shown that, but for his attorney's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). The factual circumstances, as conceded by Guinn, show that Guinn was in possession of a firearm in violation of 18 U.S.C. Sec. 924(c)(1). United States v. Brown, 915 F.2d 219, 226 (6th Cir.1990); United States v. Henry, 878 F.2d 937, 944 (6th Cir.1989). Therefore, counsel's advice did not constitute ineffective assistance.
 
 
 7
 A review of the guilty plea transcript establishes that Guinn's plea was knowingly, voluntarily, and intelligently entered as Guinn freely acknowledged waiving his constitutional rights. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); Garcia v. Johnson, 991 F.2d 324, 326-27 (6th Cir.1993). Further, the district court did not violate the requirements of Fed.R.Civ.P. 11(c) by addressing the multiple defendants as a group. United States v. Fels, 599 F.2d 142, 145-46 (7th Cir.1979) (per curiam).
 
 
 8
 The district court correctly dismissed Guinn's motion to vacate as frivolous because Guinn's motion lacked an arguable basis in law for the previously stated reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). Finally, no evidentiary hearing was required as the files and records of the case conclusively show that Guinn was not entitled to relief. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986); Bryan v. United States, 721 F.2d 572, 577 (6th Cir.1983), cert. denied, 465 U.S. 1038 (1984).
 
 
 9
 Accordingly, we deny the request for oral argument and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.