46 F.3d 1131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Doyle JONES, Petitioner-Appellant,
v.
Stephen T. SMITH, Warden; Chris Gorman, Attorney General of
the Commonwealth of Kentucky, Respondents-Appellees.
 No. 94-5259.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1995.
 
 1
 Before: KEITH and NELSON, Circuit Judges, and HORTON, District Judge.*
 
 ORDER
 
 2
 Doyle Jones appeals the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial in the Jefferson County, Kentucky, Circuit Court, Jones was convicted of 12 counts of first-degree robbery and one count of receiving stolen property. By virtue of his being found a persistent felony offender, Jones's sentences were enhanced to 12 consecutive life sentences and one sentence of 10 years of imprisonment. Jones's convictions and sentences were affirmed by the Kentucky Supreme Court on direct appeal.
 
 
 4
 Thereafter, Jones filed his habeas petition in the district court alleging the same seven claims he asserted on direct criminal appeal. Respondents moved to dismiss the petition or for summary judgment, and petitioner responded in opposition. After directing respondents to submit further state court records, the magistrate judge recommended that the petition be dismissed as without merit. Petitioner filed late objections to the magistrate judge's report and recommendation. Noting that the objections were not timely, the district court adopted the magistrate judge's recommendation and dismissed the petition. Petitioner moved to alter or amend the judgment on the basis that his objections to the magistrate judge's report were timely. The district court denied the motion, and this timely appeal followed. The district court has granted petitioner a certificate of probable cause. Upon consideration, we affirm the judgment.
 
 
 5
 First, petitioner's objections to the magistrate judge's report and recommendation were untimely. The parties were directed to submit any objections to the magistrate judge's report within 13 days of service of the report. Petitioner's objections were mailed one day after the prescribed period.
 
 
 6
 Second, petitioner's contentions on appeal are without merit in any event. The contention that his consecutive life sentences are unauthorized under state law does not warrant habeas relief. See Hutto v. Davis, 454 U.S. 370, 373-74 (1982). Insofar as petitioner claims that his sentences constitute cruel and unusual punishment, the claim lacks merit because the sentences fall within statutory limits. See United States v. Tucker, 404 U.S. 443, 447 (1972).
 
 
 7
 Petitioner's contention that unconstitutional convictions were used as a basis for his recidivist conviction also lacks merit. The convictions are entitled to a presumption of regularity. See Parke v. Raley, 113 S.Ct. 517, 523-24 (1992). Further, the state trial court's determination, based on evidentiary hearings, that petitioner's pleas were entered after he was advised of his rights is supported by the record and was properly accorded a presumption of correctness in this case. See Garcia v. Johnson, 991 F.2d 324, 326 (6th Cir.1993).
 
 
 8
 Petitioner's claim that a confession he made to police was coerced is without merit. Whether a confession was made voluntarily is a legal question subject to de novo review. Arizona v. Fulminante, 499 U.S. 279, 287 (1991). The question must be answered in light of the totality of the circumstances surrounding the confession. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973). Here, the totality of the circumstances surrounding petitioner's confession do not reflect that the confession was involuntary.
 
 
 9
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Odell Horton, United States District Judge for the Western District of Tennessee, sitting by designation