**Chester MYERS, Petitioner,**

v.

**Dennis M. STRAUB, Respondent,**

**No. 00–CV–74928–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

June 28, 2001.

Cheater Myers, Jackson, MI, Pro se.

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

STEEH, District Judge.

Chester Myers, ("petitioner"), presently confined at the Parnall Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction and sentence on one count of second degree criminal sexual conduct, M.C.L.A. 750.520c (1)(a); M.S.A. 28.788(3)(1)(a). For the reasons stated below, petitioner's application for writ of habeas corpus is **DENIED**.

### I. BACKGROUND

On June 12, 1998, petitioner pleaded nolo contendere to one count of second degree criminal sexual conduct in the Monroe County Circuit Court. In exchange for his plea, there was an agreement that petitioner's minimum sentence would not

exceed three years. The prosecutor further agreed that petitioner would not be subject to the mandatory minimum five (5) year sentence enhancement provision for being convicted of a second or subsequent criminal sexual conduct offense.[1] Finally, the parties agreed that if the Wayne County Prosecutor authorized any new charge that involved petitioner and the victim in this case, Shelby Myers, petitioner would have the right to withdraw the plea and proceed to trial. (Tr., 06/12/98, pp. 3–6). The trial court indicated that it had no problem with the plea agreement, except it indicated that once petitioner was sentenced in Monroe County for this offense, he would not be permitted to withdraw his plea after that point. Defense counsel indicated that he would check with the Wayne County Prosecutor between the time of the plea and sentencing to determine if they were going to authorize any new criminal charges against petitioner. The trial court indicated that it would be willing to put petitioner's sentence over for as long as counsel needed to determine whether any new charges would be forthcoming against petitioner in Wayne County. (*Id.* at pp. 4, 6).

Petitioner indicated that he could read and write and acknowledged signing the second page of the plea agreement. Petitioner indicated that he read and understood the agreement and had no questions about the agreement. Petitioner acknowledged that this was the entire plea agreement that had been entered into between the prosecutor and his attorney. (*Id.* at pp. 7–8). The trial court then advised petitioner of the constitutional rights that he would be waiving by pleading nolo contendere. Petitioner denied that anyone had promised him anything to induce his plea other than the plea agreement. Petitioner then pleaded nolo contendere to the

charge. (*Id.* at pp. 8–11). The trial court initially set the sentencing date for July 17, 1998, but indicated that because of the potential problems with Wayne County, he would put the sentencing back if petitioner wanted him to. (*Id.* at p. 15).

Petitioner appeared for sentencing on July 24, 1998. Prior to sentencing, the trial court noted that there was "something a little unusual about the plea agreement", which would allow petitioner to withdraw his plea if something happened in Wayne County, but that if he wanted to withdraw the plea, he had to do so prior to sentencing. Defense counsel acknowledged that this was an accurate statement of the plea agreement. (Tr., 07/24/98, pp. 2–3). Petitioner was sentenced to three to fifteen years in prison. (*Id.* at p. 5).

On July 28, 1999, petitioner filed a motion to withdraw his nolo contendere plea. The basis for his motion was that petitioner had been found guilty of violating his probation in the Wayne County Circuit Court on the basis of his conviction in Monroe County, which resulted in a separate prison sentence being imposed against him in Wayne County. An evidentiary hearing was conducted on the motion on August 27, 1999. Petitioner testified that he believed that his trial attorney had "taken care of" the matter in Wayne County. Petitioner indicated that a year after being sentenced on this offense, petitioner's probation in Wayne County was violated as a result of this conviction. (Tr., 08/27/99, p. 5). Petitioner went on to state:

> He [defense counsel] came to me and told me I would do not more than three years. I said will that take care of Wayne County, he says yes. I said okay, I'm not guilty but I'll plead no contest because he scared me so bad, he

---

1. *See* M.C.L.A. 750.520f; M.S.A. 28.788(6).

told me that if we take it to trial you're going to go in front of a bunch of farmers, they all got kids and they're going to hang you, he says you're going to get 30 or life or whatever. (*Id.* at p. 5).

On cross-examination, petitioner claimed that he could not remember whether the discussions on the record at the time of his plea concerned a new offense out of Wayne County which involved the same victim. However, petitioner did not contest the accuracy of the plea transcript. Petitioner further admitted that he was aware that he was on probation in Wayne County at the time he entered the plea in this case. (*Id.* at pp. 6–7).

The trial court denied petitioner's motion to withdraw, noting that petitioner had been advised at the time of his plea that he would be unable to withdraw his plea due to any Wayne County action once he had been sentenced on this conviction. (*Id.* at pp. 10–13).

Petitioner's conviction was affirmed on appeal. *People v. Myers,* 222176 (Mich. Ct.App. February 28, 2000); *lv. den.* 617 N.W.2d 558 (2000). Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

I. The trial judge abused his discretion when he denied Mr. Myers' motion to withdraw his plea since Mr. Myers understood his plea agreement to mean that if he was charged in Wayne County for an offense arising from his within conviction, he could withdraw his plea and when he could not, it rendered his plea invalid contrary to the Federal and State constitutions, U.S. Const Ams V, VI, and XIV, Mich. Const 1963, Art. 1, §§ 17, 20.

## II. STANDARD OF REVIEW

■ An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio,* 128 F.3d 322, 326 (6th Cir.1997).

■ A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor,* 529 U.S. 362, 412–413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411, 120 S.Ct. 1495.

## III. DISCUSSION

■ Petitioner claims that the trial court erred in refusing to allow him to withdraw his nolo contendere plea after his

second degree criminal sexual conduct conviction from Monroe County was subsequently used to violate his probation out of Wayne County. In support of this argument, petitioner claims that his plea of nolo contendere was not knowingly and voluntarily entered, because he misinterpreted the plea agreement to mean that he could withdraw his nolo contendere plea if any action was brought against him in Wayne County. Petitioner also appears to argue that his plea was involuntary because he was not advised at the time that he entered his plea that his probation in Wayne County could be revoked as a result of this new conviction.

Both the Michigan Court of Appeals and Michigan Supreme Court denied petitioner's appeal in a simple form order, without giving any reasons for their decisions. When a state court has not articulated its reasoning when denying a constitutional claim, a federal habeas court is obligated to conduct an independent review of the record and applicable law and determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented; however, that independent review is not a full *de novo* review of the claims, but remains deferential because a habeas court cannot grant relief unless the state court decision is not in keeping with the AEDPA's strictures. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir.2000); *Morse v. Trippett*, 102 F.Supp.2d 392, 402 (E.D.Mich.2000)(Tarnow, J.). Thus, where a state court decides a constitutional issue by form order or without an extended discussion, as was the case here, a habeas court should focus on the result of the state court's decision, applying the aforementioned standard. *Harris v. Stovall*, 212 F.3d at 943, fn. 1.

A plea of guilty must be knowingly and voluntarily made. The defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F.2d 256, 257 (6th Cir.1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir.1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir.1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid. *Heiser v. Ryan*, 813 F.Supp. 388, 398 (W.D.Pa.1993).

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508–509, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes).

*Mabry v. Johnson,* 467 U.S. at 509, 104 S.Ct. 2543 ( quoting *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). A federal court will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plea guilty. *See Cunningham v. Diesslin,* 92 F.3d 1054, 1060 (10th Cir. 1996).

Petitioner first argues that he should have been permitted to withdraw his plea of nolo contendere in Monroe County after this conviction was used as a basis of violating his probation on an old conviction in Wayne County, and that the trial court's failure to do so constituted a breach of the original plea agreement. The record does not support petitioner's contention that the original plea agreement was violated in any way. At the beginning of petitioner's plea hearing, his attorney placed the terms of the plea agreement on the record. With regards to the plea withdrawal issue, defense counsel indicated that, "[i]f the Wayne County Prosecutor authorizes any new charge in regard to my client and this Shelby Myers, then the defendant shall be allowed to withdraw his plea and have the matter set for trial." (Tr., 06/12/98, p. 3). Upon further inquiry from the trial court, defense counsel indicated that he didn't know what the Wayne County Prosecutor would do, "[b]ut if the Wayne County Prosecuting Attorney then brings a, for whatever reason, a criminal charge regarding Mr. Myers and the victim, Ms. Shelby Myers, then the defendant would be allowed to withdraw his plea."(*Id.* at p. 4).

 An unfulfilled state promise obtained in return for a guilty plea will entitle a habeas petitioner to habeas relief. *Montoya v. Johnson,* 226 F.3d 399, 405 (5th Cir.2000); *cert. den.* —— U.S. ——, 121 S.Ct. 2220, 150 L.Ed.2d 212 (2001).

However, a federal court sitting in habeas review should not "lightly find misrepresentation in a plea agreement." *Id.* at 406. A review of the record shows that the agreement permitted petitioner to withdraw his plea only if the Wayne County Prosecutor filed a new criminal charge against him which involved the same victim as the one involved in the Monroe County case. The agreement did not indicate that petitioner could withdraw his plea if his conviction was used to violate any probationary sentence that he might currently be serving in Wayne County. Although petitioner claims that he understood the plea agreement to allow him to withdraw his nolo contendere plea if any action was filed against him in Wayne County, habeas relief should not be granted by crediting a petitioner's subjective version of his understanding of the plea bargain. *See Nichols v. Perini,* 818 F.2d 554, 558–559 (6th Cir.1987); *See also Bair v. Phillips,* 106 F.Supp.2d 934, 940–941 (E.D.Mich.2000)(Duggan, J.)(petitioner's claim that he subjectively misunderstood the plea agreement based upon misstatements made by the trial court concerning the plea agreement was an insufficient basis for setting aside the plea, when the prosecutor accurately stated the correct terms of the plea agreement at the hearing). The plea agreement clearly allowed for a withdrawal of the plea only if the Wayne County Prosecutor filed a new criminal charge involving the same victim against petitioner. Moreover, even if this condition of the plea agreement was ambiguous, this would not entitle petitioner to habeas relief. No U.S. Supreme Court opinion has held that all conditions promised in a plea bargain must be communicated to a defendant unambiguously. *See Mask v. McGinnis,* 252 F.3d 85 (2nd Cir. 2001). Finally, if the initial plea agreement entitled defendant to withdraw his plea upon a probation violation, defendant

agreed at the later sentencing hearing to proceed with the clear understanding that his plea thereafter could not be withdrawn for any reason.

In the present case, petitioner acknowledged on the record at the time of the plea that the terms of the plea agreement as stated on the record reflected the entire agreement and that no additional promises had been made to him to induce him to plead guilty. Not only did petitioner fail to object to his counsel's comments at the time of the plea concerning the circumstances under which petitioner would be permitted to withdraw his plea, petitioner never objected either at the plea or at sentencing to the trial court's statements that petitioner would be unable to withdraw his plea once he was sentenced. A plea agreement consists of terms disclosed in open court. *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir.1996). A defendant who knowingly and voluntarily pleads guilty cannot, on post-conviction relief, attempt to prove that the plea agreement was otherwise than what it was where the defendant failed to object at sentencing. *Id.* Where a trial court has scrupulously followed the required procedure for taking a guilty plea, a defendant is bound by his statements in response to the court's inquiries. *Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir.1992).

In the present case, a clear reading of the plea agreement shows that petitioner would be permitted to withdraw his nolo contendere plea prior to sentencing if a new charge was filed against him in Wayne County concerning Shelby Myers. The agreement also indicated that once petitioner was sentenced, he would not be permitted to withdraw his plea. Petitioner has failed to show that the terms of the original plea agreement have been breached.

Petitioner also contends that he should have been advised by either the court or his attorney that his probation in Wayne County could be violated if he was convicted of this new offense. A defendant need only be made aware of the direct consequences of a guilty plea for the plea to be made voluntarily and intelligently; a trial court is under no obligation to inform a defendant of all possible collateral consequences of a plea. *King v. Dutton*, 17 F.3d at 153. The possible consequences of a future probation violation are collateral, not direct. *See Warren v. Richland County Circuit Court*, 223 F.3d 454, 457 (7th Cir.2000); *cert. den.* —— U.S. ——, 121 S.Ct. 1133, 148 L.Ed.2d 999 (2001). Probation revocation proceedings in an unrelated criminal case do not involve any sentencing consequences of pleading guilty in a given criminal case, and thus, the fact that a defendant is not informed that he faces the possibility of probation revocation in an unrelated criminal case does not undermine the validity of the plea. *Commonwealth v. Brown*, 451 Pa.Super. 514, 520, 680 A.2d 884, 887 (Pa.Super.1996). Thus, the fact that petitioner was not informed that his probation could be revoked in an unrelated case in Wayne County as a result of his nolo contendere plea in this case would not make the plea involuntary.

## IV. CONCLUSION

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve

encouragement to proceed further. *Slack v. McDaniel,* 529 U.S. 473, 483–484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484, 120 S.Ct. 1595.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Because the transcripts from the plea hearing reflect petitioners' overall understanding of his nolo contendere plea, he has failed to demonstrate that reasonable jurists would find this Court's assessments of his claims to be wrong. *See Williams v. Hargett,* —— F.3d ——, 2001 WL 618189, * 4 (10th Cir. June 5, 2001). The Court will also deny petitioner leave to appeal *in forma pauperis.* A habeas petitioner seeking to appeal the denial of a habeas petition will not be permitted to proceed *in forma pauperis,* where the appeal would be frivolous. *Hence v. Smith,* 49 F.Supp.2d 547, 549 (E.D.Mich.1999)(Gadola, J.).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*