**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kimberly GOODSON, Defendant–Appellant.**

**No. 01–5585.**

United States Court of Appeals, Sixth Circuit.

Jan. 27, 2003.

Before BATCHELDER, MOORE, and CLAY, Circuit Judges.

*ORDER*

Kimberly Goodson pleaded guilty to causing another to travel in interstate commerce with the intent to commit a murder for hire. *See* 18 U.S.C. § 1958(a). On March 28, 2002, Goodson was sentenced to eighty-seven months of imprisonment and two years of supervised release. It is from this judgment that she now appeals. Her appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Goodson's attorney has filed a motion to withdraw with a brief indicating that there are no colorable issues to appeal. *See*

*Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Moreover, an independent review of the record reveals no issue that would support a direct appeal in this case.

Goodson entered her guilty plea in exchange for the government's promise to recommend the dismissal of other charges and a reduction in her offense level for acceptance of responsibility. The district court confirmed Goodson's understanding of this agreement at her rearraignment, and there is no indication that the government failed to keep its part of the bargain.

Counsel now suggests that Goodson may wish to argue that she was not competent and that her guilty plea was not voluntary. However, the record indicates that Goodson was competent to enter her plea. *See Godinez v. Moran,* 509 U.S. 389, 396–402, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). The district court also established that she understood her rights, the nature of the charge, and the consequences of her plea. Goodson clearly indicated that the decision to plead guilty was voluntary, and she acknowledged a sufficient factual basis for her plea. *See Garcia v. Johnson,* 991 F.2d 324, 327–28 (6th Cir.1993). Under these circumstances, we conclude that her guilty plea was constitutionally valid.

Counsel suggests that Goodson may wish to argue that the district court should have imposed a sentence below the applicable guideline range. This argument is unpersuasive because the record plainly shows that the sentencing judge was aware of his discretion to depart downward in appropriate cases. Hence, his informed decision not to exercise that discretion here is simply not reviewable on appeal. *See United States v. Henderson,* 209 F.3d 614, 618 (6th Cir.2000).

Goodson did not raise any other significant legal arguments at sentencing. Thus, she has forfeited any other sentencing claims that she might have in the absence of plain error that affects her substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent from the present record. The information in the presentence report supports a guideline range of 87 to 108 months. Goodson's sentence fell at the bottom of that range, and it also fell well below the ten-year statutory maximum that applies under 18 U.S.C. § 1958(a). No fines were imposed, and a two-year term of supervised release was authorized by 18 U.S.C. § 3583(b). Therefore, any direct challenge to Goodson's sentence would be unavailing.

Finally, counsel suggests that Goodson may wish to argue that she was denied the effective assistance of counsel at rearraignment and sentencing. However, Goodson stated at rearraignment that she was satisfied with her prior attorney. Moreover, any ineffective assistance claim that she might have would properly be raised in a motion to vacate her sentence under 28 U.S.C. § 2255, rather than on direct appeal. *See United States v. Rahal,* 191 F.3d 642, 645 (6th Cir.1999).

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.