**Larry DESMYTHER, Petitioner–Appellant,**

v.

**Barbara BOUCHARD, Warden, Respondent–Appellee.**

No. 03–1419.

United States Court of Appeals, Sixth Circuit.

Aug. 25, 2004.

Rehearing En Banc Denied Oct. 18, 2004.

James Sterling Lawrence, Detroit, MI, for Petitioner–Appellant.

Janet A. Van Cleve, Office of the Attorney General, Habeas Corpus Division, Lansing, MI, Respondent–Appellee.

---

* The Honorable Karl S. Forester, Chief Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation.

Before SILER and ROGERS, Circuit Judges; and FORESTER, District Judge.*

PER CURIAM.

Petitioner Larry DeSmyther appeals the district court's denial of his habeas corpus petition, wherein he alleged that his guilty plea was involuntarily entered. We **AFFIRM**.

## BACKGROUND

In October 1995, DeSmyther was charged in state court with one count of conspiracy to commit false pretenses, Mich. Comp. Laws § 750.157a, sixteen counts of false pretenses, Mich. Comp. Laws § 750.218, and one count of being a fourth habitual offender, Mich. Comp. Laws. § 769.12, all arising from a check-fraud scheme. In December 1995, DeSmyther pled guilty to three counts of false pretenses and conceded his habitual offender status. The trial court accepted his plea but did not agree upon a sentence; however, in January 1996, DeSmyther moved to withdraw his guilty plea. In February 1996, DeSmyther moved to reinstate his original plea agreement and a hearing was held that day. During this hearing, DeSmyther told the trial court that he neither wanted to proceed to trial nor face a minimum ten-year imprisonment sentence; as a result, the trial court "accepted [this] as [DeSmyther's] desire to go to trial." Approximately one month later, the prosecutor filed an amended complaint listing the conspiracy count and ten counts of false pretenses, but omitted the habitual offender count. After DeSmyther's counsel stated that there was no plea bargain, DeSmyther pled guilty to these charges and acknowledged his status as a fourth habitual offender. DeSmyther

indicated that he entered his guilty plea both freely and voluntarily and was sentenced to thirty to sixty-years' imprisonment.

On appeal, both the state court of appeals and Michigan Supreme Court denied DeSmyther's claim that his guilty plea was involuntary. In November 2000, DeSmyther filed a motion for relief from judgment in the trial court but was denied this post-conviction relief. *See* Mich. Ct. R. 6.508(D)(2) (criminal defendant not entitled to post-conviction relief if motion "alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding...."). Similarly, he was again denied this relief on appeal to the state court of appeals and Michigan Supreme Court. In March 2002, DeSmyther sought habeas relief in federal district court. The district court denied DeSmyther's petition, reasoning that three claims, including his involuntary plea claim, were procedurally defaulted and one claim failed on the merits.

## DISCUSSION

We review the district court's decision in this habeas proceeding *de novo*. *See Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir.2003). Since DeSmyther filed his habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") applies. DeSmyther is entitled to habeas relief under AEDPA only if the state court adjudication of the claim on the merits

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under AEDPA, the district court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir.2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). Instead, we consider whether the Michigan court's "application of clearly established federal law was objectively unreasonable." *Id.* at 602 (quoting *Williams*, 529 U.S. at 409).

DeSmyther's involuntary plea claim was not procedurally defaulted. The Warden conceded that there was no procedural default. Nevertheless, DeSmyther's involuntary plea claim fails on the merits.

To be constitutionally valid, a guilty plea must be made voluntarily, knowingly, and intelligently, as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 748–49, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). DeSmyther alleges that he was both coerced by the district court's promises and threatened by the district court to plead guilty or receive a longer sentence. While the state trial judge participated in DeSmyther's plea bargain negotiations, Fed. R.Crim.P. 11(c)(1) expressly prohibits such. Fed.R.Crim.P. 11, however, applies to federal, not state, defendants, is not a constitutional rule, and "will not necessarily invalidate every instance of judicial participation in the negotiation of a guilty plea in *state* court." *Frank v. Blackburn*, 646 F.2d 873, 880 (5th Cir.1980) (emphasis added). "[A] federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process." *Id.* at 882. "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to

plead guilty, without being coerced to do so, the guilty plea … will be upheld on federal review." *Id.* at 882. Thus, DeSmyther can receive habeas relief only if his plea violated due process.

Here, there is no indication that the trial court promised DeSmyther any sentence. During the hearing in which DeSmyther eventually pled guilty, his counsel stated that there was no plea bargain. In his colloquy with the trial court, DeSmyther acknowledged that he understood the charges against him, was freely and voluntarily pleading guilty, and understood the maximum penalty for each conviction. Additionally, he attested that no one had promised him anything in exchange for his plea and that he had not been threatened to enter his plea. *See Garcia v. Johnson,* 991 F.2d 324, 326 (6th Cir.1993) ("When a defendant subsequently brings a federal habeas petition challenging his plea, the state generally satisfies its burden by producing a transcript of the state court proceeding. The factual findings of a state court that the plea was proper generally are accorded a presumption of correctness."). Near the end of the hearing, the trial court also noted that it had not agreed upon any possible sentence with the prosecution or defense. Furthermore, the trial court never threatened or coerced DeSmyther to plead guilty; rather, the trial court simply explained that he would face a life sentence or a minimum ten-year sentence if he proceeded to trial.

As evident from the foregoing, DeSmyther intelligently, knowingly, and voluntarily entered his guilty plea. There was neither an objectively unreasonable application of Supreme Court law by the state court nor any due process violation.

**AFFIRMED.**